**WYATT v. HOLLIFIELD**

[114 N.C. App. 352 (1994)]

LINDA LOU WYATT (HOLLIFIELD) v. JIMMY H. HOLLIFIELD, SR.

No. 9325DC593

(Filed 19 April 1994)

1. **Divorce and Separation § 284 (NCI4th)— alimony pendente lite—recoupment properly ordered**

   When a jury or trial judge finds that none of the grounds on which a spouse alleges entitlement to permanent alimony pursuant to N.C.G.S. § 50-16.2 exists, the trial court, in its discretion, may order recoupment of any alimony pendente lite paid by the supporting spouse, and the trial court in this case did not abuse its discretion in requiring such recoupment.

   **Am Jur 2d, Divorce and Separation § 710.**

2. **Divorce and Separation § 538 (NCI4th)— alimony pendente lite—recoupment ordered—award not reversed or vacated— award still basis for award of attorney fees**

   There was no merit to defendant's contention that, because the trial court ordered recoupment of alimony pendente lite pursuant to N.C.G.S. § 50-16.11, it followed that plaintiff was not entitled to counsel fees incurred in the prosecution of the alimony pendente lite claim pursuant to N.C.G.S. § 50-16.4, since the alimony pendente lite award was not appealed and reversed, nor vacated, remained a valid order, and could support an award of counsel fees.

   **Am Jur 2d, Divorce and Separation § 616.**

   **Right to attorneys' fees in proceeding, after absolute divorce, for modification of child custody or support order. 57 ALR4th 710.**

   Judge JOHN concurring.

Appeal by plaintiff from judgment filed 5 January 1993 in Caldwell County District Court by Judge Jonathan L. Jones. Heard in the Court of Appeals 4 March 1994.

*Todd, Vanderbloemen, Respess and Brady, P.A., by William W. Respess, Jr., for plaintiff-appellant.*

*Rudisill & Brackett, P.A., by J. Richardson Rudisill, Jr., and H. Kent Crowe, for defendant-appellee.*

GREENE, Judge.

Linda Lou Hollifield Wyatt (plaintiff) appeals from a judgment filed 5 January 1993 in Caldwell County District Court, ordering her to repay the alimony pendente lite she had received from Jimmy H. Hollifield, Sr. (defendant) and denying her attorney's fees for services rendered prior to the jury trial for permanent alimony.

On 15 January 1991, defendant filed a verified complaint seeking a divorce from bed and board from plaintiff. On 28 January 1991, plaintiff filed a verified complaint seeking divorce from bed and board, alimony pendente lite, permanent alimony, and attorney's fees. In her complaint, plaintiff alleged that she is unemployed, has no employment other than assisting defendant as bookkeeper for Hollifield Lumber Company, and is without the means to subsist during the prosecution of this action. Defendant moved to dismiss plaintiff's complaint on the grounds that there was a prior pending action between the parties.

After a hearing on 28 May 1991, Judge Nancy Einstein, by order dated 8 June 1991, denied defendant's motion to dismiss, treated defendant's complaint as a counterclaim and joined the two files for trial. At the hearing, the trial court received evidence on plaintiff's claim for alimony pendente lite and made the following pertinent findings of fact:

9. The defendant has committed such indignities to the person of the plaintiff so as to make her life burdensome and condition unbearable as follows:

a. . . . the defendant assaulted the plaintiff by throwing her on a bed choking her with one hand while holding a pistol to her forehead with the other and stating that he intended to kill her. . . .

b. The defendant is an excessive user of alcohol and has been an excessive user consistently for several years.

c. The defendant told the plaintiff on January 7, 1991, just prior to the separation of the parties, that he intended to kill himself and her to "end it all".

d. The defendant has for several years gone into rages for no apparent or predictable reasons including several in-

stances of throwing food in restaurants to the embarrassment and humiliation of the plaintiff.

e. The defendant threw food, lamps, ashtrays and other objects at the plaintiff from time to time while in the marital home.

10. The defendant constructively abandoned the plaintiff. The defendant has on at least two occasions, threatened the plaintiff with death including the day immediately prior to her leaving the martial [sic] home.

. . . .

14. The plaintiff was never paid a salary for her efforts [as a bookkeeper in the offices of Hollifield Lumber Company].

. . . .

22. . . . The plaintiff earns approximately $300.00 per month working on a part time basis.

23. The plaintiff has submitted an affidavit which was admitted into evidence indicating needs exceeding $2,400.00. to meet monthly living expenses.

. . . .

26. . . . The plaintiff's attorney has a normal hourly rate of $125.00. The plaintiff's attorney has devoted 12.9 hours for the preparation of the pleadings and for this hearing, as well as, various conferences with the defendant's attorney. The plaintiff paid her attorney a $2,500.00 retainer fee from the monies which she took into her possession at the time of separation.

Based upon these findings, Judge Einstein concluded as a matter of law that plaintiff is a dependent spouse, "likely to prevail on her action for alimony," "without the means whereon to subsist pending the prosecution of this action," and "without the ability to meet the defendant on an equal footing." Judge Einstein ordered defendant to pay plaintiff alimony pendente lite of $2,000.00 a month, but deferred plaintiff's motion for attorney's fees "until hearing upon the trial of this matter for permanent alimony." Defendant appealed the denial of his motion to dismiss to this Court which affirmed Judge Einstein's denial of defendant's motion. *Hollifield v. Hollifield*, 104 N.C. App. 803, 411 S.E.2d 662 (1991) (unpublished opinion).

On 12 May 1992, defendant filed an amended answer and counterclaim to plaintiff's claim for permanent alimony, divorce from bed and board, and attorney's fees. He requested a jury trial on the issue of permanent alimony and a refund of all alimony pendente lite paid to plaintiff. An absolute divorce judgment was entered on 29 May 1992. A jury trial on plaintiff's claim for permanent alimony was conducted, beginning on 2 December 1992, and the jury answered the questions submitted to them as follows:

Issue # One (1):

Did the defendant, Jimmy H. Hollifield, Sr., by cruel and barbarous conduct endanger the life of the plaintiff, Linda Hollifield (Wyatt), without provocation?

Answer ___ No ___

Issue # Two (2):

Did the defendant, Jimmy H. Hollifield, Sr., without provocation, offer such indignities to the person of the plaintiff, Linda Hollifield (Wyatt), as to render her condition intolerable an [sic] life burdensome?

Answer ___ No ___

[IF YOU ANSWERED BOTH ISSUES 1 & 2 "NO", YOU WILL HAVE CONCLUDED YOUR DELIBERATIONS. . . .]

After the jury answered these questions, Judge Jonathan L. Jones made the following additional findings of fact:

7. That from the date of separation of the parties hereto, January 8, 1991, through April, 1992, the Plaintiff Mrs. Hollifield had worked at various cleaning jobs and had borrowed two thousand dollars ($2,000.00) from First Union Bank and six hundred dollars ($600.00) from one of her sons. That, in addition, Mrs. Hollifield also had over ten thousand dollars ($10,000.00) during this period of monies removed from the marital home.

8. That from January 8, 1991, through April, 1992, Mrs. Hollifield had purchased a Cutlass automobile, had engaged in some recreational activity, had housed herself, clothed herself, and provided for herself in a reasonable manner.

9. That after April, 1992, the Plaintiff Mrs. Hollifield traded her Oldsmobile Cutlass automobile for a new red Chrysler LeBaron convertible and has continued to engage in some recreational activity and house, clothe, and accommodate herself in a reasonable manner. That Mrs. Hollifield between April and November, 1992, expended in excess of thirty thousand dollars ($30,000.00) of the thirty-two thousand five hundred dollars ($32,500.00) of temporary alimony paid by Mr. Hollifield to her.

Based on these findings of fact and the jury's answers, Judge Jones denied plaintiff's application for permanent alimony, dismissed her claim with prejudice, ordered her to repay defendant $32,500.00, the entire sum of alimony pendente lite she received pursuant to N.C. Gen. Stat. § 50-16.11, and denied plaintiff's request for attorney's fees.

---

The issues presented are whether (I) a spouse who receives alimony pendente lite can be required to return that alimony to the paying spouse in the event the recipient spouse's permanent alimony claim is denied; and (II) a spouse awarded alimony pendente lite loses her right to attorney's fees for services rendered in the pendente lite proceeding in the event the recipient's permanent alimony claim is denied.

I

[1] Alimony pendente lite is defined as "payment [ordered to be paid] for the support and maintenance of a spouse" pending "the final judgment of divorce in an action for divorce, whether absolute or from bed and board, or in an action for annulment, or on the merits in an action for alimony without divorce." N.C.G.S. §§ 50-16.1(1), (2) (1987). With some exceptions, the supporting spouse must have five days notice of the alimony pendente lite hearing. N.C.G.S. § 50-16.8(e) (1987) (listing exceptions). At the pendente lite hearing, both parties must be given an opportunity to offer evidence "orally, upon affidavit, verified pleading, or other proof," and the trial judge is to "find the facts from the evidence so presented." N.C.G.S. § 50-16.8(f) (1987);[1] *Austin v. Austin*, 12 N.C.

---

1. Although N.C. Gen. Stat. § 50-16.8(f), as printed in the 1987 edition of the North Carolina General Statutes (the current edition), uses the word "party," because the original amendment adding Section 50-16.8(f) in 1967 uses the word "parties,"

App. 286, 295, 183 S.E.2d 420, 427 (1971). The spouse seeking alimony pendente lite, if he or she also claims an entitlement to "absolute divorce, divorce from bed and board, annulment, or alimony without divorce," has the burden of showing that (1) he or she is a "dependent spouse" as defined in N.C. Gen. Stat. § 50-16.1(3); (2) that there is a "likelihood of success on the merits" with regard to his or her action for "absolute divorce, divorce from bed and board, annulment, or alimony without divorce," N.C.G.S. § 50-16.3(a)(1); *see Gardner v. Gardner*, 40 N.C. App. 334, 338, 252 S.E.2d 867, 870, *disc. rev. denied*, 297 N.C. 299, 254 S.E.2d 917 (1979); *Cameron v. Cameron*, 231 N.C. 123, 129, 56 S.E.2d 384, 388 (1949) (prima facie evidence deemed inadequate where both parties given opportunity to present evidence); *cf. A.E.P Indus. v. McClure*, 308 N.C. 393, 401, 302 S.E.2d 754, 759 (1983) (discussing requisites of preliminary injunction); and (3) she has, pursuant to N.C. Gen. Stat. § 50-16.3(a)(2), "[i]nsufficient means whereon to subsist during the prosecution . . . of the suit and to defray the necessary expenses thereof." If the spouse seeking alimony pendente lite seeks no affirmative relief in an action filed against her for "absolute divorce, divorce from bed and board, annulment, or alimony without divorce," she has the burden of showing that (1) she is a dependent spouse, and (2) she does not have sufficient means to subsist during the defense of the suit and to defray the necessary expenses thereof. *See Johnson v. Johnson*, 237 N.C. 383, 385, 75 S.E.2d 109, 111 (1953).

Defendant, pursuant to N.C. Gen. Stat. § 50-16.11, sought reimbursement of the alimony pendente lite he had paid pursuant to Judge Einstein's order.

N.C. Gen. Stat. § 50-16.11 provides in pertinent part:

> upon motion by the supporting spouse, if a final judgment is entered in any action denying alimony because none of the grounds specified in G.S. 50-16.2 exists, the court may enter a judgment against the spouse to whom the payments were made for the amount of alimony pendente lite paid by the supporting spouse to that spouse pending a final disposition of the case.

---

and because there has been no amendment since 1967 changing "parties" to "party," the word "party" contained in the current version of Section 50-16.8(f) is a misprint and must be read as "parties."

N.C.G.S. § 50-16.11 (1987). Because the language of this provision is unambiguous, it must be given its plain and definite meaning. *State ex rel. Utilities Comm'n v. Edmisten*, 291 N.C. 451, 232 S.E.2d 184 (1977). The plain and definite meaning is that when a jury or trial judge finds that none of the grounds on which a spouse alleges entitlement to permanent alimony pursuant to Section 50-16.2 exists, the trial court, in its discretion, *see In re Hardy*, 294 N.C. 90, 240 S.E.2d 367 (1978) (when statute employs word "may," its provisions are ordinarily construed as permissive), may order recoupment of any alimony pendente lite paid by the supporting spouse.

In this case, plaintiff proceeded in her action for permanent alimony on two of the ten grounds contained in Section 50-16.2: (1) defendant, by cruel and barbarous conduct endangered her life; and (2) defendant, without provocation, offered indignities to plaintiff so as to render her condition intolerable and life burdensome. Because the jury found that these two grounds did not exist, it was in the trial court's discretion upon defendant's motion pursuant to Section 50-16.11 whether or not to order recoupment of the $32,500.00 in alimony pendente lite defendant had paid to plaintiff. Because we are unable to say, on this record, that the decision to order recoupment is "so arbitrary that it could not have been the result of a reasoned decision," there was no abuse of discretion. *See White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985) (defining abuse of discretion).

## II

[2] Contemporaneous with the order requiring plaintiff to return to defendant the alimony pendente lite paid, the trial court denied plaintiff's motion for attorney's fees rendered in the prosecution of the alimony pendente lite hearing. This motion had been made by plaintiff at the termination of the pendente lite hearing and deferred by Judge Einstein until the permanent alimony trial.

The defendant argues that because the trial court ordered recoupment of alimony pendente lite pursuant to Section 50-16.11, it follows that plaintiff is not entitled to counsel fees pursuant to N.C. Gen. Stat. § 50-16.4. We disagree. Section 50-16.11 cannot be read to mean that the jury's rejection of the plaintiff's grounds for permanent alimony is tantamount to a reversal or vacating of the alimony pendente lite award. Section 50-16.11 merely authorizes the trial judge to order recoupment of alimony pendente lite which

WYATT v. HOLLIFIELD

[114 N.C. App. 352 (1994)]

may be for the entire amount or a portion of the amount paid by the supporting spouse to the dependent spouse. The statute does not mandate an order or recoupment in the event permanent alimony is denied. Thus, because the alimony pendente lite award has not been appealed and reversed, see *Stephenson v. Stephenson*, 55 N.C. App. 250, 252, 285 S.E.2d 281, 282 (1981) (permitting appeal of alimony pendente lite awards only after final judgment), nor vacated pursuant to N.C. Gen. Stat. § 1A-1, Rules 59 or 60, it remains a valid order and can support an award of counsel fees. Accordingly, this matter must be remanded to the trial court for consideration, on this record and pursuant to N.C. Gen. Stat. § 50-16.4, of the plaintiff's request for counsel fees.

Affirmed in part, reversed in part, and remanded.

Judge JOHNSON concurs.

Judge JOHN concurs with separate opinion.

Judge JOHN concurring.

I concur in the majority opinion affirming the trial court's order of recoupment of alimony paid by defendant. As to the question of counsel fees *pendente lite*, I concur in the result reached by the majority remanding this matter for "consideration" because I am persuaded the trial court's rulings under the recoupment statute and concerning the award of counsel fees must be independent of each other. Unfortunately, a critical page from the transcript of the proceedings below has been, apparently inadvertently, omitted from the appellate record. Consequently, it is not possible to determine whether the court properly exercised its discretion in denying counsel fees independent of its order of recoupment.

I write separately to emphasize that, because neither new evidence nor additional argument are required to clarify the point in question, *see Smith v. Smith*, 111 N.C. App. 460, 517, 433 S.E.2d 196, 230, *disc. review denied*, 335 N.C. 177, 438 S.E.2d 202 (1993), the court's "consideration . . . on this record" need consist only of reliance upon the existing record for entry of an order containing appropriate findings and conclusions consistent with N.C.G.S. § 50-16.4 (1987) and other applicable law. Further, the majority opinion should not be read necessarily to mandate an award of counsel fees in any amount, nominal or otherwise.

G.S. § 50-16.4 provides: "[a]t any time that a dependent spouse would be entitled to alimony *pendente lite* . . . , the court *may* . . . enter an order for reasonable counsel fees . . . ." (Emphasis added.) Simply stated, upon a *pendente lite* award, the statute *authorizes*, but does not *require*, the court to award *pendente lite* counsel fees, *see Perkins v. Perkins*, 85 N.C. App. 660, 667-68, 355 S.E.2d 848, 853, *disc. review denied*, 320 N.C. 633, 360 S.E.2d 92 (1987), and the court's decision is reversible only upon a showing of an abuse of discretion. *Id.* at 668, 355 S.E.2d at 853.