TED A. RIVIERE, Plaintiff v. CATHERINE SCISCENTI RIVIERE, Defendant

No. COA98-635

(Filed 20 July 1999)

**1. Divorce— alimony—voluntary dismissal—recoupment of pendente lite payments**

A voluntary dismissal of a counterclaim for permanent alimony after alimony pendente lite was paid was not a sham or a fraudulent manipulation of the Rules of Civil Procedure as contended by plaintiff in his effort to recoup the payments. The plain language of N.C.G.S. § 1A-1, Rule 41(a)(1) vests parties with the absolute authority to dismiss any of their claims at any time before they rest their case, plaintiff had filed no reply, there was no pending matter, and defendant was free to file her voluntary dismissal without permission of the court or notice to plaintiff.

**2. Divorce— alimony pendente lite—motion to recoup—final alimony judgment—factors considered**

The trial court erred by denying a motion to recoup alimony pendente lite payments following a voluntary dismissal of an alimony claim where the court appeared to base its decision on the misapprehension that a voluntary dismissal with prejudice was not a final judgment. When defendant voluntarily dismissed with prejudice her claim for permanent alimony based on adultery and abandonment, she conceded that none of the grounds entitling her to permanent alimony pursuant to N.C.G.S. § 50-16.2 existed. Such a dismissal was a final judgment on the merits.

Appeal by plaintiff from judgment entered 24 February 1998 by Judge Larry J. Wilson in Cleveland County District Court. Heard in the Court of Appeals 13 January 1999.

*Lamb Law Offices, P.A., by William E. Lamb, Jr. and Wendy Joyce Terry, for plaintiff-appellant.*

*Mann, Vonkallist and Young, P.A., by Christy T. Mann, for defendant-appellee.*

TIMMONS-GOODSON, Judge.

Ted A. Riviere ("plaintiff") appeals from a judgment filed 26 February 1998 in Cleveland County District Court, denying his

motion to require his former wife, Catherine Sciscenti Riviere ("defendant") to return the alimony pendente lite paid to her and the attorneys' fees. Because the trial court erred when it concluded that no final judgment had been entered denying alimony, we reverse the trial court's order.

On 31 August 1992, plaintiff filed a complaint for divorce from bed and board from defendant. Subsequently, defendant filed an answer and counterclaim on 13 October 1992, seeking equitable distribution, permanent alimony, alimony pendente lite, and attorneys' fees. Defendant alleged two grounds for alimony: (1) adultery and (2) abandonment. Plaintiff never filed a reply to defendant's counterclaim.

A hearing regarding alimony pendente lite was held on 26 October 1992. After an in chambers meeting, the parties stipulated in open court that grounds existed for alimony pendente lite and the trial court ordered plaintiff to pay defendant alimony pendente lite in the amount of $1,000.00 per month. On 2 July 1993, plaintiff filed a motion to reduce his alimony pendente lite payments. This motion was denied on 16 July 1993.

When the equitable distribution matter was called for trial on 14 October 1996, the parties announced to the court that they had resolved the issue and consented to the court entering an order based upon their agreement. The court examined plaintiff and defendant individually about their understanding of the agreement, their satisfaction with counsel, and their willingness to be bound by the agreement. Following the examination of the parties, the court approved the agreement as a fair and equitable distribution of all marital property.

On 9 December 1996, the date defendant's motion for permanent alimony was to be heard, defendant filed a voluntary dismissal with prejudice, pursuant to North Carolina General Statutes section 1A-1, Rule 41(a) (1990), of her alimony claim. More than one year later, plaintiff filed a motion for recoupment of approximately $50,000.00 in pendente lite payments pursuant to North Carolina General Statutes section 50-16.11 (1995).

On 24 February 1998, the trial court denied plaintiff's motion, stating that plaintiff was not entitled to relief because there was "no final judgment entered . . . denying alimony because none of

the grounds specified in North Carolina General Statute Section [sic] 50-16.2 exist." Plaintiff appeals the order.

The issues presented by this appeal are: (i) whether defendant's voluntary dismissal with prejudice of her permanent alimony counterclaim was invalid because it was a fraudulent manipulation of the rules of civil procedure; and (ii) whether the trial court had the authority to determine whether recoupment of pendente lite payments was appropriate following a voluntary dismissal with prejudice by defendant of her permanent alimony counterclaim.

[1] Plaintiff in his first assignment of error argues that defendant's voluntary dismissal with prejudice should not have been allowed as it was a sham and a fraudulent manipulation of the rules of civil procedure. As a result, plaintiff argues that he should have been returned to the status quo mandating a recoupment of his alimony pendente lite payments. Defendant counters that the voluntary dismissal was not fraudulent because she was merely applying the currently existing statutes and rules of law. We agree with defendant.

Rule 41(a)(1) of the Rules of Civil Procedure, provides in pertinent part that "an action or any claim therein may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before the plaintiff rests his case, or; (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action." N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (1990). Where the language of a statute is clear and unambiguous, this Court is bound by the plain language of the statute. *Utilities Comm. v. Edmisten Atty. General*, 291 N.C. 451, 465, 232 S.E.2d 184, 192 (1977). The plain language of Rule 41(a)(1) vests a party with the absolute authority to dismiss any of his claims at any time before he rests his case. That is exactly what defendant did in this matter. She dismissed her counterclaim for permanent alimony after she and plaintiff had by consent settled the issue of equitable distribution. Defendant may have no longer considered herself "dependent" or thought she was unlikely to qualify as a "dependent spouse" based on the recent division of marital property. In any event, there is no evidence to support plaintiff's allegation of fraudulent manipulation or bad faith on the part of defendant.

We acknowledge that under *McCarley v. McCarley*, 289 N.C. 109, 221 S.E.2d 490 (1976), defendant could not voluntarily dismiss her action for permanent alimony without plaintiff's consent if plaintiff had a pending action which arose out of the same transaction. We

reject plaintiff's argument that his appearance in court to litigate the case, his requests to reduce alimony pendente lite, and the reservation of funds in the equitable distribution judgment were sufficient to establish grounds to have his recoupment claim heard. Here, at the time defendant filed the voluntary dismissal of her counterclaim for permanent alimony, plaintiff had filed no reply nor was there any other pending matter. Therefore, defendant was free to file her voluntary dismissal of the permanent alimony counterclaim without permission of the court or notice to plaintiff. This assignment of error is overruled.

[2] Plaintiff next argues that the trial court erred in ruling that plaintiff's alimony pendente lite payments were not refundable for "[t]here was no final judgment entered . . . denying alimony because none of the grounds specified in North Carolina General Statute Section [sic] 50-16.2 exist." Defendant counters that a voluntary dismissal was not a final judgment since there was no determination of whether any of the fault grounds stated in North Carolina General Statutes section 50-16 existed. We agree with plaintiff.

Alimony pendente lite is defined as a court ordered "payment for the support and maintenance of a spouse" pending "the final judgment of divorce in an action for divorce, whether absolute or from bed and board, or in an action for annulment, or on the merits in an action for alimony without divorce." *Wyatt v. Hollifield*, 114 N.C. App. 352, 356, 442 S.E.2d 149, 152 (1994) (quoting N.C. Gen. Stat. §§ 50-16.1(1),(2) (1995)). "At the pendente lite hearing, both parties must be given an opportunity to offer evidence 'orally, upon affidavit, verified pleading, or other proof,' and the trial judge is to 'find the facts from the evidence so presented.' " *Id.* (quoting N.C. Gen. Stat. § 50-16.8(f) (1995)). The spouse seeking alimony pendente lite, if he or she also claims an entitlement to "absolute divorce, divorce from bed and board, annulment, or alimony without divorce," has the burden of showing that (1) he or she is a "dependent spouse" as defined in North Carolina General Statutes section 50-16.1(3) (1995); (2) that there is a "likelihood of success on the merits" with regard to his or her action for "absolute divorce, divorce from bed and board, annulment, or alimony without divorce" under North Carolina General Statutes section 50-16.3(a)(1) (1995); and (3) he or she has, pursuant to North Carolina General Statutes section 50-16.3(a)(2) (1995), "[i]nsufficient means whereon to subsist during the prosecution . . . of the suit and to defray the necessary expenses thereof." *Id.* at 357, 442 S.E.2d at 153 (citations omitted).

Plaintiff seeks reimbursement pursuant to section 50-16.11 of the alimony pendente lite he paid defendant. Section 50-16.11, in pertinent part, states:

> upon motion by the supporting spouse, if a final judgment is entered in any action denying alimony because none of the grounds specified in G.S. 50-16.2 exists, the court may enter a judgment against the spouse to whom the payments were made for the amount of alimony pendente lite paid by the supporting spouse to that spouse pending a final disposition of the case.

N.C. Gen. Stat. § 50-16.11 (1987) (repealed by 1995 N.C. Sess. Laws ch. 319, § 1).

It is within the discretion of the trial court to determine whether or not to order recoupment of alimony pendente lite payments. *Hollifield*, 114 N.C. App. at 358, 442 S.E.2d at 153. Appellate review of matters left to the discretion of the trial court is limited to a determination of whether there was a clear abuse of discretion. *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985). A trial court has abused its discretion if its ruling is "so arbitrary that it could not have been the result of a reasoned decision." *Id.*

Rule 41(a)(1) states that plaintiff may voluntarily dismiss his action without permission of the court by filing a notice of dismissal at any time before resting his case. N.C.G.S. § 1A-1, Rule 41(a)(1). The rule further provides that dismissal is without prejudice, unless otherwise stated, allowing plaintiff to commence a new action based on the same claim within one year. *Id.* A dismissal taken with prejudice indicates a disposition on the merits which precludes subsequent litigation to the same extent as if the action had been prosecuted to a final adjudication. *Johnson v. Bollinger*, 86 N.C. App. 1, 8, 356 S.E.2d 378, 383 (1987). Thus, it is well settled in this state that a voluntary dismissal with prejudice is a final judgment on the merits. *Caswell Realty Assoc. v. Andrews Co.*, 128 N.C. App. 716, 720, 496 S.E.2d 607, 610 (1998); *Kabatnik v. Westminster Co.*, 63 N.C. App. 708, 712, 306 S.E.2d 513, 515 (1983); *Barnes v. McGee*, 21 N.C. App. 287, 290, 204 S.E.2d 203, 205 (1974).

Based on the foregoing principles, we conclude that when defendant voluntarily dismissed with prejudice her claim for permanent alimony based on adultery and abandonment, she conceded that none of the grounds entitling her to permanent alimony pursuant to section 50-16.2 existed. Such a dismissal was a final judgment on the

merits with res judicata implications. The trial court should have con-
ducted a hearing and considered evidence relating to whether in his
discretion plaintiff should recoup the alimony pendente lite paid. *See
Hollifield*, 114 N.C. App. 352, 442 S.E.2d 149.

The record appears to indicate that the trial court made its deci-
sion to deny plaintiff's motion for the return of alimony pendente lite
payments based on the misapprehension of the law that a voluntary
dismissal with prejudice was not a final judgment. This was error and
in contradiction to the laws of this state. Therefore, we conclude that
the trial court's decision amounted to an abuse of discretion.

Based on the foregoing, we reverse the holding of the trial court
and remand this matter for further proceedings consistent with this
opinion.

REVERSED.

Judges LEWIS and WALKER concur.