RUSSELL C. WALTON, JR., AND WIFE, MARGIE G. WALTON v. EZRA
MEIR AND WIFE, VIOLET S. MEIR

No. 7110SC99

(Filed 31 March 1971)

1. Highways and Cartways § 11; Judgments § 37— action to enjoin ob-
struction of neighborhood public road — plea of res judicata — former
action to establish boundary line

A judgment in a prior action establishing the correct boundary
line between the plaintiffs' and the defendants' property did not bar
the plaintiffs' subsequent action to enjoin the defendants from obstruct-
ing an alleged neighborhood public road that traversed land lying with-
in the defendants' established boundary line, since the determination
of the correct boundary line in the former action had no bearing on

Walton v. Meir

whether the road in the instant action was a neighborhood public road accessible to the plaintiffs. G.S. 136-67.

2. **Highways and Cartways § 11— neighborhood public road — right of use by adjacent landowners**

Landowners whose property was traversed by a neighborhood public road could not interfere with adjacent landowners' legitimate use of the road, irrespective of the fact that the road was located on property that had been judicially determined to belong to the landowners.

3. **Judgments § 37— res judicata — conclusiveness of final judgment**

No question becomes *res judicata* until settled by final judgment.

4. **Judgments § 37— matters concluded by judgment — requisites**

A judgment is not conclusive as to matters neither joined nor embraced by the pleadings.

5. **Judgments § 37— matters concluded by final judgment — issues that could have been decided but were not**

The principle that a judgment is final both as to matters actually determined and as to matters that could have been litigated and decided does not require a defendant to counterclaim for affirmative relief that would have no effect on the relief sought by the plaintiff.

APPEAL by plaintiffs from *Hall, Superior Court Judge,* 5 November 1970 Session of WAKE County Superior Court.

In complaint filed 21 November 1969 plaintiffs (Waltons) allege that they and the defendants (Meirs) own contiguous tracts of land in Wake County; that a dirt road, commonly known as Trinity Road, leads from a North Carolina secondary road across land owned by the Meirs and to the Waltons' land and occupied dwelling; that the road has been in existence and used by the public for over seventy years and is a neighborhood public road within the meaning of G.S. 136-67; that in reliance upon the road as a neighborhood public road, the Waltons built a dwelling abutting the road; that the road furnishes necessary means of ingress and egress to the dwelling; and, that the Meirs have, by various means, obstructed the road. The complaint prays for an order requiring the Meirs to remove the obstructions and to place the road in the same condition as it was prior to 5 November 1969, and for an award of money damages.

Mr. and Mrs. Meir answered, denied the essential allegations of the complaint, and pleaded a judgment entered in a former case for these parties as *res judicata* and a bar to plaintiffs'

action. The plea of *res judicata* was heard before the case was calendared for trial. In support of the plea defendants introduced briefs and records filed in this Court in a case entitled *Ezra Meir and wife, Violet S. Meir v. Russell C. Walton, Jr., and wife, Margie G. Walton.* That lawsuit was instituted on 19 October 1967. Final judgment was entered on 26 March 1969. The judgment was modified and affirmed by this Court in an opinion by Vaughn, Judge, reported in 6 N.C. App. 415, 170 S.E. 2d 166.

In that action the Meirs' complaint alleged that a boundary dispute existed between the parties; that as a result thereof an agreement was entered 21 April 1966 wherein the parties agreed to recognize and be bound by a property line to be determined by a named registered surveyor; that the boundary line was established by the surveyor, but the Waltons refused to recognize it and to execute the necessary instruments to establish the line as located; that a 10-foot dirt path, which for a distance of several hundred feet is located solely on the Meirs' property, was being used by Mr. Walton despite demands that he refrain from doing so; that Mr. Walton damaged plaintiffs' property by destroying a part of a fence located across the path; and that he threatened Ezra Meir with bodily harm. In the prayer for relief the Meirs asked that a temporary restraining order issue against Mr. Walton forbidding him from going upon their property and using the portion of the dirt path located thereon; that the restraining order be continued pending the trial of the action; that the Waltons be ordered to recognize the boundary line as established by the arbitrator and to execute the necessary instruments to implement the arbitrator's conclusions with respect to the line; for money damages, costs and other relief as to the court may seem just and proper.

The complaint was served on 28 October 1967. On 21 November 1967 the Meirs' application for a temporary restraining order was heard. The court denied their request that the Waltons be restrained from using the 10-foot soil path and specifically ordered that the parties and their invitees be allowed to use the path pending a final determination of the action. However, Mr. Walton was restrained from otherwise interfering with the use by the Meirs of their property.

On 26 April 1968, after several extensions of time for answering had expired, judgment by default and inquiry was

entered upon motion by Mr. and Mrs. Meir. The Waltons moved to vacate the judgment and attached to their motion a verified answer in which they denied any right of the Meirs to have the property line determined as contended by the Meirs and requesting that the property line be established as alleged by them and that "the lower half of the public dirt road . . . be found to be the property of the defendant. . . . " Also attached to the Waltons' motion were various affidavits attesting to the fact that the "road" or "path" referred to in the pleadings was a public road. The motion to vacate was denied on the grounds the Waltons had failed to show excusable neglect or a meritorious defense. Upon appeal this Court (2 N.C. App. 578, 163 S.E. 2d 403) agreed that the Waltons had failed to show excusable neglect in failing to file an answer and in an opinion by Morris, Judge, stated, "In the absence of sufficient showing of excusable neglect, the question of meritorious defense becomes immaterial."

On 26 March 1969 final judgment was entered wherein it was ordered, adjudged and decreed that the boundary line shown on the map prepared by the surveyor was the correct boundary line, that the parties be restrained from going upon the property of the other parties, and that the Waltons be specifically restrained from using that portion of the dirt path located on the property of the Meirs.

The Waltons appealed. This Court affirmed the portion of the judgment establishing the boundary line, but vacated the portion thereof which permanently restrained either of the parties from going on the property of the other or using the path, on the ground the complaint disclosed no demand for a permanent restraining order. *Meir v. Walton,* 6 N.C. App. 415, 170 S.E. 2d 166.

At the conclusion of evidence in the case before us on the Meirs' plea in bar the court entered a judgment providing in pertinent part the following:

"[T]he Court finding that this is an action to establish Trinity Road as a neighborhood road within the meaning of North Carolina General Statute 136-67 and for damages for obstructing said road; and it further appearing to the Court and the Court finding that in a prior action between the same parties, the question presented was title and possession of a certain tract of land which included the roadway

which is the subject matter of this action and that in that action, a default judgment was entered giving the defendants in this action title and possession of the land in question; and it further appearing to the Court and the Court finding that in a proposed answer, a series of affidavits, and a brief filed in the former action, the plaintiffs in this action raised the defenses which are set out as claims for relief in this action; wherefore, the Court concludes that the prior action between the parties hereto and the judgment entered therein is *res judicata* as to the issues sought to be raised in this action and is a bar thereto."

Plaintiffs excepted to the order and appealed.

*Jordan, Morris and Hoke by John R. Jordan, Jr. and Robert P. Gruber for plaintiff appellants.*

*Manning, Fulton & Skinner by Howard E. Manning and John B. McMillan for defendant appellees.*

GRAHAM, Judge.

[1]    The sole question involved here is whether the judgment in the former action brought by the Meirs against the Waltons, wherein the correct boundary line between the parties' property was established, operates as a bar to this action by the Waltons to prohibit the obstruction of the portion of a 10-foot wide road, alleged to be a neighborhood public road, which runs across land which was established in the former action as belonging to the Meirs. We hold that it does not.

The trial judge and the parties have treated the alleged "road" in this case as identical to what was referred to in the former case as a "10-foot dirt path." For purposes of this opinion we also treat them as identical.

[2]    The sole relief afforded the Meirs by the judgment entered in the former case, as modified upon appeal by this Court, was the establishment of the correct boundary line between the parties' property and the ordering of the execution of certain instruments by the parties with respect to that boundary line. Where the correct boundary line was located had no bearing on whether the road in question is a neighborhood public road within the meaning of G.S. 136-67. "In order for a party to be barred by the doctrine of *res judicata,* it is necessary not only

that he should have had an opportunity for a hearing but also that the identical question must have been considered and determined adversely to him." *Shaw v. Eaves,* 262 N.C. 656, 138 S.E. 2d 520. If the road in question is a neighborhood public road, the Meirs may not obstruct it or interfere with the Waltons' legitimate use of it, irrespective of the fact the road is located on property, which in the prior action was determined to belong to the Meirs.

[3, 4] The Meirs argue that the status of the road was presented in the former case in that their complaint alleged that Mr. Walton had destroyed a fence constructed across it, and that he continued to use the road after having been forbidden to do so. Further, the proposed answer alleged that the road was a public road and affidavits were presented by the Waltons to support this contention. However, damages for destruction of the fence were expressly waived before final judgment was entered, and therefore no issue was presented or passed upon with respect to Mr. Walton's right to destroy the fence or use the road. The right of the Meirs to forbid the Waltons from using the road was involved only in relation to their motion for a temporary restraining order. No question becomes *res judicata* until settled by final judgment. *In re Morris,* 224 N.C. 487, 31 S.E. 2d 539. Moreover, we note that the trial court refused to temporarily restrain the Waltons from using the road and specifically permitted its use by them and their invitees pending a trial of the matter. This Court held that a permanent injunction was not warranted by the complaint. Consequently, the former lawsuit narrowed to the simple question of where the property line was located. The issue of whether the Waltons, as members of the public, have a right to use the road has not been adjudicated. A judgment is not conclusive as to matters neither joined nor embraced by the pleadings. 5 Strong, N.C. Index 2d, Judgments, § 37, p. 76.

We note with more than passing interest that the Meirs formerly shared our view as to the issue involved in the previous action. While they now argue that "the precise issue of . . . the path . . . was raised in the former action," they stated in their brief which was filed in this Court in the former suit: "The sole question involved in this lawsuit relates to the location of the boundary line of the plaintiffs' property and the property of the defendant, Russell C. Walton, Jr. . . . "

**[5]** The Meirs contend that even if the issue now presented were not decided in the former case, it could have been raised there by the Waltons, and their failure to raise it operates as a bar to this action. We are not unaware of the well-settled principle that a judgment is final, not only as to matters actually determined, but as to every other matter which the parties might litigate in the cause, and which might have been decided. *Garner v. Garner,* 268 N.C. 664, 151 S.E. 2d 553; *Wilson v. Hoyle,* 263 N.C. 194, 139 S.E. 2d 206; *Gaither Corp. v. Skinner,* 241 N.C. 532, 85 S.E. 2d 909; *Mason v. Highway Comm.,* 7 N.C. App. 644, 173 S.E. 2d 515. However, this principle simply means that a defendant must assert any defense that he has available, and that he will not be permitted in a later action to assert as an affirmative claim, a defense, which if asserted and proved as a defense in the former action, would have barred the judgment entered in plaintiffs' favor. It does not mean that a defendant must pursue as a counterclaim, affirmative relief that would have no effect on the relief sought by the plaintiff. The rule as to when a claim for relief must be pursued as a counterclaim is set forth in opinion by Justice Ervin in the case of *Cameron v. Cameron,* 235 N.C. 82, 86, 68 S.E. 2d 796, 799:

> "[T]he pendency of the prior action abates the subsequent action when, and only when, these two conditions concur: (1) The plaintiff in the second action can obtain the same relief by a counterclaim or cross demand in the prior action pending against him; and (2) a judgment on the merits in favor of the opposing party in the prior action will operate as a bar to the plaintiff's prosecution of the subsequent action."

For the reasons heretofore expressed we hold that the judgment entered in the prior action between these parties only established the location of the boundary line between the parties' property and did not determine or foreclose a future determination of whether the road in question is a neighborhood public road.

Reversed.

Chief Judge MALLARD and Judge PARKER concur.