FALK INTEGRATED TECHNOLOGIES, INC., D/B/A SSA SOUTHEAST, PLAINTIFF v.
LINDA STACK, DEFENDANT

No. COA98-451

(Filed 6 April 1999)

## 1. Jurisdiction— matter exceeding magistrate's dollar amount—district court dismissal

The trial court erred by granting summary judgment for defendant where plaintiff had originally filed two claims in small claims court seeking to recover overpayments and the magistrate dismissed the claims with prejudice, noting that they arose from the same cause and exceeded jurisdiction, plaintiff instituted an action in district court, and defendant moved for summary judgment because the causes of action had previously been dismissed with prejudice. N.C.G.S. § 7A-212 is directed at circumstances wherein a party asserts that the action taken by a magistrate is void for the reason that the action was not properly assignable to the magistrate; in this case, plaintiff's district court action did not challenge assignment of its claim to the magistrate court and N.C.G.S. § 7A-212 is inapplicable.

## 2. Collateral Estoppel and Res Judicata— res judicata—dismissal in small claims court—action in district court

The trial court erred by determining that a dismissal in small claims court barred an action in district court under res judicata where plaintiff filed two claims in small claims court to recover overpayments and the magistrate dismissed the claims with prejudice, noting that they arose from the same cause and exceeded jurisdiction. As the magistrate lacked jurisdiction over plaintiff's total claim, that court's order dismissing plaintiff's consolidated claim is as if it had never happened and cannot bar plaintiff's dis-

trict court action under res judicata. The "with prejudice" phraseology relied upon by defendant was mere surplusage.

Appeal by plaintiff from judgment entered 7 October 1997 by Judge Chester C. Davis in Forsyth County District Court. Heard in the Court of Appeals 26 January 1999.

*Brooks, Pierce, Mclendon, Humphrey & Leonard, L.L.P., by David W. Sar, for plaintiff-appellant.*

*Linda Stack pro se.*

JOHN, Judge.

Plaintiff Falk Integrated Technologies, Inc., d/b/a SSA Southeast appeals the trial court's grant of summary judgment in favor of defendant. Plaintiff also contends the court erred by denying plaintiff's "Motion to Reconsider, or in the Alternative, for a New Trial or for Relief from Judgment." We reverse the trial court.

Pertinent facts and procedural history as alleged in plaintiff's complaint include the following: Plaintiff is a "developer and integrator of information systems for manufacturing and supply-chain management." On 5 February 1996, plaintiff employed defendant as an at-will employee. Defendant was to be paid for days actually worked at a rate of $4,333.33 per month. Due to an error in plaintiff's payment practices, however, defendant was overpaid a total of $5,421.43 in the months of December 1996 and January 1997.

Defendant subsequently declined plaintiff's request to return the overpayments. Plaintiff thereupon filed two claims in the Small Claims Court Division of District Court in Forsyth County, seeking to recover the December overpayment of $2,269.80 in the first, and the January overpayment of $3,000.00 in the second.

Prior to the presentation of evidence, the magistrate's court dismissed plaintiff's claims with prejudice, noting "Plaintiff's action file nos. 97 CVM 5114 and 97 CVM 5115 arise from the same cause [and] exceeds jurisdiction." Although the section is not specifically referenced, the parties do not dispute that the court was referring to the three thousand dollar ($3,000.00) jurisdictional amount provided in N.C.G.S. § 7A-210 (1995).

On 18 August 1997, plaintiff instituted an action in Forsyth County District Court consolidating the two claims against defendant.

**FALK INTEGRATED TECH., INC. v. STACK**

[132 N.C. App. 807 (1999)]

The latter thereupon moved for summary judgment pursuant to N.C.G.S. § 1A-1, Rule 56 (1995), asserting:

> the same causes of action alleged in the complaint herein have previously been dismissed "With Prejudice" by a North Carolina Court of competent jurisdiction . . . and Plaintiff herein filed no appeal from these prior adverse decisions within the time allowed.

The trial court granted defendant's motion by order filed 7 October 1997. Following subsequent denial of its "Motion to Reconsider," plaintiff filed timely notice of appeal.

Summary judgment is appropriately granted if

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.

N.C.R. Civ. P. 56(c). A summary judgment movant bears the burden of establishing the lack of any triable issue, and may do so by

> proving that an essential element of the opposing party's claim is nonexistent, or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim . . . . All inferences of fact from the proofs offered at the hearing must be drawn against the movant and in favor of the party opposing the motion.

*Boudreau v. Baughman*, 322 N.C. 331, 342-43, 368 S.E.2d 849, 858 (1988) (citations omitted). Alleged errors of law are subject to *de novo* review on appeal. *See Va. Electric Power Co. v. Tillett*, 80 N.C. App. 383, 385, 343 S.E.2d 188, 191, *cert. denied*, 317 N.C. 715, 347 S.E.2d 457 (1986).

[1] Plaintiff first contends N.C.G.S. § 7A-212 (1995) does not "apply to [plaintiff's] district court action" and therefore "d[oes] not mandate dismissal and/or judgment in favor of [d]efendant." We agree.

G.S. § 7A-212 provides in relevant portion:

> No judgment of the district court rendered by a magistrate in a civil action assigned to him by the chief district judge is void, voidable, or irregular for the reason that the action is not one properly assignable to the magistrate under this article. The sole remedy for improper assignment is appeal for trial de novo

before a district judge in the manner provided in [N.C.G.S. § 7A-228 (1995)].

G.S. § 7A-212.

The plain language of G.S. § 7A-212 thus indicates it is directed at those circumstances wherein a party asserts "that the action" taken by the magistrate is "void, voidable, or irregular for the reason that the action is not properly assignable to the magistrate." *Id.*

The assignment of small claims to magistrates is governed by N.C.G.S. § 7A-211 (1995), which states in pertinent part:

In the interest of speedy and convenient determination, the chief district judge may, in his discretion, by specific order or general rule, assign to any magistrate of his district any small claim action pending . . . .

*Id.*

Read *in pari materia,* therefore, the statutes prohibit a party from asserting improper assignment by a chief district judge as a basis for attacking a magistrate's ruling, and require instead a *de novo* proceeding by "an aggrieved party . . . before a district court judge or a jury." N.C.G.S. § 7A-228(a) (1995).

In the case *sub judice,* plaintiff's district court action did not challenge assignment of its claim to the magistrate court. Rather, in the words of plaintiff,

[plaintiff] bowed to the [m]agistrate's judgment and refiled [since] . . . the [m]agistrate evidently believed that [plaintiff] should have originally filed the consolidated action.

Accordingly, G.S. § 7A-212 is inapplicable to the instant case and the trial court's dismissal can not be sustained upon this ground.

[2] Plaintiff next argues the trial court erred "in determining that the principals of *res judicata* barred [plaintiff's action]." Plaintiff's contention in this regard is likewise well founded.

The magistrate court dismissed plaintiff's consolidated claims as arising from the same cause of action and thus exceeding the court's jurisdictional amount. "A universal principle as old as the law is that the proceedings of a court without jurisdiction of the subject matter are a nullity." *Burgess v. Gibbs,* 262 N.C. 462, 465, 137 S.E.2d 806, 808 (1964). Thus, "[w]hen a court decides a matter without . . . jurisdic-

tion, then the whole proceeding is . . . as if it had never happened." *Hopkins v. Hopkins*, 8 N.C. App. 162, 169, 174 S.E.2d 103, 108 (1970). As the magistrate court lacked jurisdiction over plaintiff's total claim, that court's order dismissing plaintiff's consolidated claim is "as if it had never happened," *id.*, and cannot operate to bar plaintiff's district court action under the principle of *res judicata*. The "with prejudice" phraseology relied upon heavily by defendant constituted in the present instance mere surplusage. *See Symons Corp. v. Quality Concrete Construction*, 108 N.C. App. 17, 21, 422 S.E.2d 365, 367 (1992) (language stating "this action shall be tried on the issue of damages only" in trial court's partial summary judgment on liability issue "was mere surplusage" where summary judgment motion "specifically limited the court's consideration to the issue of liability and preserved the issue of damages for later determination").

Having found error in entry of summary judgment for defendant, we decline to address plaintiff's final assignment of error that the trial court erred in denying its "Motion to Reconsider."

Reversed.

Judges GREENE and HUNTER concur.