ALICE CORBETT STAFFORD, ET UX, PLAINTIFFS V. COUNTY OF BLADEN, DEFENDANT

No. COA03-405

(Filed 2 March 2004)

**Collateral Estoppel and Res Judicata— collection of landfill fees—dismissal of prior action upon payment under protest**

Summary judgment was properly granted for defendant county based on res judicata where the county had brought a prior suit against the Staffords for collection of landfill fees; the Staffords answered asserting constitutional issues and then paid the fees plus interest, but noted on the check that they were paying under protest pursuant to N.C.G.S. § 105-381; the County voluntarily dismissed the action with prejudice; and the Staffords then brought this action to recover the fees. The claims raised in the original action are the claims raised in this action and their

claims were adjudicated on the merits when they paid the full amount due and forced the county to dismiss instead of litigating and proving their defense of unconstitutionality. There was no right to seek a refund because the protest statute, N.C.G.S. § 105-381, applies to taxes and the Staffords concede that this is a fee.

Judge HUDSON concurring in the result.

Appeal by plaintiffs from an order entered 9 January 2003 by Judge D. Jack Hooks, Jr., in Bladen County Superior Court. Heard in the Court of Appeals 15 January 2004.

*A. Michelle FormyDuval, for plaintiffs-appellants.*

*W. Leslie Johnson, Jr. and J. Gates Harris, for defendant-appellee.*

TYSON, Judge.

Alice Corbett Stafford and William Stafford, Jr. ("the Staffords") appeal from an order granting Bladen County's ("the County") motion for summary judgment. We affirm.

## I. Background

The Staffords owned and operated the "White Lake Motel and Campground" between 1992 and 1997. During these years, the County assessed landfill use fees ("fees") against the Staffords in the total amount of $11,615.00. The fees were assessed against the Staffords through the authority of Bladen County Ordinance 23. The Staffords refused to pay these fees, contending they were unfair.

In September, 1998, the County brought suit against the Staffords for failure to pay the fees and placed a lien on their property pursuant to N.C. Gen. Stat. §§ 105-355, 105-356, 105-360, and 105-369. The Staffords filed an answer asserting that the fees violated the due process and equal protection clauses of the United States and the North Carolina Constitutions. On 29 December 1999, the Staffords paid the fees plus interest by check in the amount of $24,384.07. The Staffords noted on the check that they were paying "under protest" per N.C. Gen. Stat. § 105-381. Upon payment, the County voluntarily dismissed its lawsuit with prejudice.

The Staffords subsequently requested a refund of the fees by letter dated 3 March 2000. The County denied a refund by letter dated 5

April 2000. The Staffords brought suit on 6 June 2001 to recover the fees paid under protest. The County moved to dismiss and for summary judgment, arguing that the Staffords were barred by *res judicata* and collateral estoppel and that the fees were constitutional. The trial court granted the County's motion for summary judgment. The Staffords appeal.

## II. Issue

The sole issue before this Court is whether the trial court erred in granting the County's motion for summary judgment on the basis that the Staffords' suit was barred by *res judicata*.

## III. Standard of Review

When reviewing a lower court's grant of summary judgment, our standard of review is *de novo*. *Falk Integrated Tech., Inc. v. Stack*, 132 N.C. App. 807, 809, 513 S.E.2d 572, 574 (1999); *see* N.C. Gen. Stat. § 1A-1, Rule 56 (2003). The evidence is viewed in the light most favorable to the non-moving party. *Stack*, 132 N.C. App. at 809, 513 S.E.2d at 574. Summary judgment is proper when the pleadings, together with depositions, interrogatories, admissions on file, and supporting affidavits show that there is no genuine issue as to any material fact and that a party is entitled to judgment as a matter of law. *Gaunt v. Pittaway*, 139 N.C. App. 778, 784, 534 S.E.2d 660, 664, *disc. rev. denied*, 353 N.C. 262, 546 S.E.2d 401 (2000).

## IV. *Res Judicata*

The Staffords contend that the trial court erred in granting the County's motion for summary judgment on the basis of *res judicata*. We disagree.

In *Caswell Realty Assoc. v. Andrews Co.*, this Court set out the principles pertaining to *res judicata* and collateral estoppel. 128 N.C. App. 716, 720, 496 S.E.2d 607, 610 (1998).

In order to successfully assert the doctrine of res judicata, a defendant must prove the following essential elements: (1) a final judgment on the merits in an earlier suit, (2) an identity of the causes of action in both the earlier and the later suit, and (3) an identity of the parties or their privies in the two suits. Collateral estoppel, on the other hand, applies where the second action between the same parties is upon a different claim or demand,

[and] the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. A dismissal with prejudice is an adjudication on the merits and has res judicata implications . . . Strict identity of issues . . . is not absolutely required and the doctrine of res judicata has been accordingly expanded to apply to those issues which could have been raised in the prior action.

*Id.* at 720, 496 S.E.2d at 610 (internal citations omitted). "A final judgment, rendered on the merits by a court of competent jurisdiction, is conclusive as to the issues raised therein with respect to the parties and those in privity with them and constitutes a bar to all subsequent actions involving the same issues and parties." *Kabatnik v. Westminster Co.*, 63 N.C. App. 708, 711-12, 306 S.E.2d 513, 515 (1983).

Rule 41(a)(1) of the North Carolina Rules of Civil Procedure provides that a plaintiff may voluntarily dismiss his action, without permission of the court, by filing a notice of dismissal at any time before resting his case. N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (2003); *see also Riviere v. Riviere*, 134 N.C. App. 302, 306, 517 S.E.2d 673, 676 (1999). "A dismissal taken with prejudice indicates a disposition on the merits which precludes subsequent litigation to the same extent as if the action had been prosecuted to a final adjudication." *Riviere*, 134 N.C. App. at 306, 517 S.E.2d at 676 (citing *Johnson v. Bollinger*, 86 N.C. App. 1, 8, 356 S.E.2d 378, 383 (1987)); *see also* N.C. Gen. Stat. § 1A-1, Rule 41(b) (2003). "Thus, it is well-settled in this state that a voluntary dismissal with prejudice is a final judgment on the merits," implicating *res judicata. Riviere*, 134 N.C. App. at 306, 517 S.E.2d at 676 (citations omitted).

Here, the Staffords' claims raised in the original action are the exact claims raised in this action. In the prior action, the Staffords refused to pay the fees and asserted the unconstitutionality of the ordinance from which the fees were derived as a defense in their answer. In the subsequent lawsuit brought by the Staffords, they again asserted the unconstitutionality of the ordinance and the fees as a defense. "[A] judgment is final, not only as to matters actually determined, but as to every other matter which the parties might litigate in the cause, and which might have been decided." *Walton v. Meir*, 10 N.C. App. 598, 604, 179 S.E.2d 834, 838 (1971).

[T]his principle simply means that a defendant must assert any defense that he has available, and that he will not be permitted in a later action to assert as an affirmative claim, a defense, which if asserted and proved as a defense in the former action, would have barred the judgment entered in plaintiffs' favor.

*Id.*

When the Staffords filed their answer and asserted their defense of the unconstitutionality of the ordinance, the issues of their claims and the County's claims became joined. *Id.* The Staffords, instead of litigating and proving their defense of the ordinance's unconstitutionality, chose to pay the full amount of the fees plus interest to the County, while noting on the check that they were paying in protest pursuant to N.C. Gen. Stat. § 105-381. By failing to litigate their unconstitutionality defense in the former action and paying the disputed amounts, the Staffords satisfied the County's claims and *required* the County to dismiss their action with prejudice. The Staffords' unconstitutionality defense and the County's claims were adjudicated on the merits, and the Staffords are barred from now bringing this defense as an affirmative claim against the County. *Id.*; *see Caswell Realty Assoc.*, 128 N.C. App. at 720, 496 S.E.2d at 610. As the parties and claims are identical and the dismissal with prejudice based on the Staffords' payment is a final judgment on the merits, the Staffords' claim is barred by *res judicata. Caswell Realty Assoc.*, 128 N.C. App. at 720, 496 S.E.2d at 610.

### V.  Payment Under Protest

The Staffords contend, however, that since they paid the fees "under protest" pursuant to N.C. Gen. Stat. § 105-381, their claims cannot be barred by *res judicata* as their right to sue under this statute did not occur until the payment of the fees was actually made. They argue the present claim under N.C. Gen. Stat. § 105-381 did not accrue until 5 April 2000, when the County denied their request for a refund of monies paid.

If this statute applied to the facts at bar, we would agree. The statute, however, does not apply. N.C. Gen. Stat. § 105-381 (2003), in part, provides:

(a) Statement of Defense.—Any taxpayer asserting a valid defense to the enforcement of the collection of a *tax* assessed upon his property shall proceed as hereinafter provided. (1) For the purpose of this subsection, a valid defense shall include the

following: a. A tax imposed through clerical error; b. An illegal tax; c. A tax levied for an illegal purpose.

. . . .

(c) Suit for Recovery of *Property Taxes.*— . . . (2) Request for Refund.—If within 90 days after receiving a *taxpayer's* request for refund under (a) above, the governing body has . . . notified the *taxpayer* that no refund will be made . . . the *taxpayer* may bring a civil action against the *taxing* unit for the amount claimed.

(emphasis supplied).

In *Barnhill Sanitation Service v. Gaston County*, this Court explained the difference between taxes and fees and specifically addressed the question of landfill fees. 87 N.C. App. 532, 541-42, 362 S.E.2d 161, 167 (1987), *disc. rev. denied*, 321 N.C. 742, 366 S.E.2d 856 (1988). We held:

[a] tax within the meaning of the constitutional prohibition against nonuniformity of taxation is a charge levied and collected as a contribution to the maintenance of the general government, and it is imposed upon the citizens in common at regularly recurring periods for the purpose of providing a continuous revenue. However, the landfill fees, like sewer service charges, are neither taxes nor assessments, but are tolls or rents for benefits received by the use of the [landfill]. . . . The record reveals that the Board of Commissioners adopted landfill fees as opposed to increased property tax as the most equitable source of revenue to fund sanitary landfill costs. It is clear to this Court that [the County] did not levy a tax, as it had the power to do, but acted pursuant to its authority under G.S. sec. 153A-292 to set reasonable fees for the use of its available landfills.

*Id.* (internal citations omitted). We found it unnecessary to determine whether a refund of fees paid pursuant to an ordinance may be obtained because the landfill toll was a fee and not a tax. *Id.* at 542, 362 S.E.2d at 168.

Here, the Staffords were charged *landfill use fees* not a tax. N.C. Gen. Stat. § 105-381 applies only to taxes imposed, not fees. *Id.* The Staffords concede that the fees are not taxes. Since the Staffords were charged fees rather than a tax, no right to seek a refund or to protest the fees arises pursuant to this statute. As the statute

does not reach fees paid and the Staffords asserted defenses in the dismissed action, we do not address the constitutionality of Bladen County Ordinance 23.

## VI.  Conclusion

The Staffords failed to show that the trial court erred in granting the County's motion for summary judgment on the basis of *res judicata*. N.C. Gen. Stat. § 105-381 does not apply to the facts at bar. The judgment of the trial court is affirmed.

Affirmed.

Judge STEELMAN concurs.

Judge HUDSON concurs in the result only by separate opinion.

HUDSON, J., concurring in result.

Although I concur in the result here, I am not persuaded that *res judicata* applies to this scenario. None of the cases cited involve a case where the defendant in a civil case was barred by *res judicata* even though (1) he had no opportunity to be heard on his defense in an earlier case because (2) the plaintiff took a voluntary dismissal with prejudice, resulting in an adjudication on the merits against— rather than in favor of—the plaintiff. I would address and uphold the constitutionality of the fee.