PROGRESSIVE AMERICAN INSURANCE COMPANY, INC., PLAINTIFF v. GEICO GENERAL INSURANCE COMPANY, GEICO INDEMNITY COMPANY, GEICO CASUALTY COMPANY, DEFENDANTS

No. COA06-528

(Filed 5 December 2006)

## 1. Insurance— automobile—automatic termination provision

The trial court did not err by granting plaintiff's motion for summary judgment finding an automobile liability insurance policy issued by plaintiff did not provide coverage for an accident on 11 March 2002 but that the insurance policy issued by defendants provided coverage for the accident, because: (1) plaintiff issued the driver an automobile liability insurance policy on 19 February 2002 which contained an automatic termination clause providing that if the insured obtained other insurance on her covered automobile, any similar insurance provided by the policy would terminate as to that automobile on the effective date on the other insurance; (2) defendants stipulated that on 8 March 2002, one or more of defendants issued the driver an automobile liability insurance policy with an effective date of 8 March 2002 which automatically terminated the policy issued by plaintiff; and (3) there was no evidence in the record that the driver gave defendants advance written notice to cancel her policy prior to the accident on 11 March 2002 or that the driver contacted defendants prior to the accident to cancel her policy with defendants.

PROGRESSIVE AM. INS. CO. v. GEICO GEN. INS. CO.

[180 N.C. App. 457 (2006)]

## 2. Subrogation— equitable—reasonable belief had an interest to protect by settling claims

The trial court did not err by granting plaintiff automobile insurer's motion for summary judgment on the issue of full reimbursement from defendant automobile insurers for the money paid to an individual and third parties based on the automobile accident on 11 March 2002, because plaintiff had a reasonable belief that it had interest in settling the claims against the driver and equitable subrogation was properly invoked given the facts of the case when: (1) at all times after the accident, defendants denied coverage for the accident of 11 March 2002 on the basis that the driver's policy with defendants never went into effect; and (2) if defendants' policy with defendants never went into effect, then the driver's policy with plaintiff may not have terminated due to the automatic stay provision, and the driver's policy with plaintiff would have provided coverage to the driver.

Appeal by defendants from judgment entered 8 December 2005 by Judge W. Douglas Albright in Guilford County Superior Court. Heard in the Court of Appeals 15 November 2006.

*Teague, Rotenstreich & Stanaland, LLP, by Paul A. Daniels, for plaintiff appellees.*

*Morris York Williams Surles & Barringer, LLP, by L. Stephen Kushner and Keith B. Nichols, for defendant appellants.*

McCULLOUGH, Judge.

Defendants appeal from order granting plaintiff's motion for summary judgment. We affirm.

### FACTS

On or about 19 February 2002, Progressive American Insurance Company, Inc. ("plaintiff") issued a policy of insurance to Windy Howell ("Howell"). The policy issued by plaintiff to Howell provided that, if Howell obtained other insurance on her automobile, the policy would terminate on the effective date of the other insurance. On or about 7 March 2002, Howell contacted one of the named defendants and requested a policy of automobile liability insurance be issued to her. The policy issued had an effective date of 8 March 2002. On 11 March 2002, Howell was involved in a motor vehicle accident that resulted in property damage and personal injury to her and oth-

PROGRESSIVE AM. INS. CO. v. GEICO GEN. INS. CO.

[180 N.C. App. 457 (2006)]

ers. Subsequent to the accident, Howell contacted plaintiff and one or more defendants and requested that they both provide coverage to her. At all times after the accident, defendants have denied coverage for the accident on the basis that Howell's policy never went into effect. Plaintiff made payments pursuant to their policy with Howell as a result of the accident in the amount of $21,680.51.

On 27 October 2004, plaintiff brought this lawsuit against defendants alleging that defendants wrongfully denied coverage for Howell's accident and sought a declaratory judgment as to the rights and duties of the parties. Prior to trial, the parties made cross-motions for summary judgment. On 8 December 2005, the trial judge granted plaintiff's motion for summary judgment finding that the policy issued by plaintiff to Howell did not provide coverage for the accident, but that the policy issued by defendants provided coverage for the accident. In addition, the trial judge denied defendants' motion for summary judgment.

Defendants appeal.

I.

[1] Defendants contend that the trial court erred in granting plaintiff's motion for summary judgment. In addition, defendants contend that the trial court erred in denying defendants' motion for summary judgment. Specifically, defendants assert that plaintiff has failed to establish that the policy issued by plaintiff to Howell was cancelled. Also, defendants assert that multiple issues of fact exist which could have allowed a fact-finder to conclude either that Howell cancelled her policy with defendants effective 8 March 2002 and therefore defendants' policy was not in effect on the date of loss or, in the alternative, that Howell intended that her policy with plaintiff be reinstated or remain in effect. We disagree.

Granting summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005). On appeal from a grant of summary judgment, this Court reviews the trial court's decision *de novo. Falk Integrated Tech., Inc. v. Stack*, 132 N.C. App. 807, 809, 513 S.E.2d 572, 573-74 (1999).

Based on our review of the record, summary judgment was proper by the trial court. It is uncontroverted that plaintiff issued

PROGRESSIVE AM. INS. CO. v. GEICO GEN. INS. CO.

[180 N.C. App. 457 (2006)]

Howell an automobile liability insurance policy on 19 February 2002. It contained an automatic termination clause which provided in part that "[i]f you [Howell] obtain other insurance on your covered auto-mobile, any similar insurance provided by this policy will terminate as to that automobile on the effective date on the other insurance." We have upheld similar automatic termination provisions in the past. *State Farm Mut. Auto. Ins. Co. v. Atlantic Indemnity Co.*, 122 N.C. App. 67, 74, 468 S.E.2d 570, 574 (1996). Defendants stipulated that on 8 March 2002, one or more of defendants issued Howell an automo-bile liability insurance policy with an effective date of 8 March 2002. Defendants' policy that was effective on 8 March 2002 automatically terminated the policy issued by plaintiff to Howell. The policy issued by defendants states that it can be cancelled by the insured either by 1) returning the policy to us [defendants], or by 2) giving us [defend-ants] advance written notice of the date cancellation is to take effect. There is no evidence in the record that Howell gave defendants advance written notice to cancel her policy prior to the accident on 11 March 2002. In addition, defendants' brief does not illustrate that Howell contacted defendants prior to the accident to cancel her pol-icy with defendants. Therefore, although there appeared to be some confusion between Howell, plaintiff, and defendants regarding which policy covered the accident, we determine that Howell's policy with defendants was in effect on the date of the accident. Thus, we dis-agree with defendants' contention.

II.

**[2]** Defendants contend that the trial court erred in granting plain-tiff's motion for summary judgment. Specifically, defendants assert that plaintiff is not entitled to full reimbursement from defendants for the money paid to Howell and third parties because of the accident on 11 March 2002. We disagree.

The law regarding summary judgment was stated above. In the instant case, plaintiff made payments in the amount of $21,680.51 pur-suant to Howell's policy with plaintiff as a result of the 11 March 2002 accident. This money was paid to Howell, as well as other aggrieved persons. Defendants concede that plaintiff's payments to Howell were proper, but defendants argue that the payments made by plain-tiff to the other aggrieved persons were purely voluntary.

"Subrogation is not generally decreed in favor of a 'volun-teer' who, without any moral or other duty, pays the debt or dis-

charges the obligation of another[.]" *Nationwide Mutual Ins. Co. v. American Mutual Liability Ins. Co.*, 89 N.C. App. 299, 300, 365 S.E.2d 677, 678 (1988). However, "the doctrine of equitable subrogation may be invoked if the obligation of another is paid by the plaintiff for the purpose of protecting some real or supposed right or interest of his own." *Jamestown Mut. Ins. v. Nationawide Mut. Ins. Co.*, 277 N.C. 216, 221, 176 S.E.2d 751, 755 (1970). " 'The right of subrogation is not necessarily confined to those who are legally bound to make the payment, but extends as well to persons who pay the debt in self-protection, since they might suffer loss if the obligation is not discharged.' " *Id.* (citation omitted). " ' "Cases in our own reports illustrate the doctrine that though the party who makes the payment may, in fact, have no real or valid legal interest to protect, he may yet be subrogated when he acts in good faith, in the belief that he had such interest." ' " *Id.* at 221-22, 176 S.E.2d at 755-56 (citations omitted).

Here, plaintiff had a reasonable belief that it had an interest to protect by settling the claims against Howell. At all times after the accident, defendants denied coverage for the accident of 11 March 2002 on the basis that Howell's policy with defendants never went into effect. If defendants' policy never went into effect, then Howell's policy with plaintiff may not have terminated due to the automatic termination provision. Therefore, Howell's policy with plaintiff would have provided coverage to Howell. Thus, plaintiff had an interest in settling the claims, and equitable subrogation is properly invoked given the facts of this case. Also, there is no evidence that plaintiff did not act in good faith.

Accordingly, we affirm the trial court order of summary judgment for plaintiff.

Affirmed.

Judges HUNTER and ELMORE concur.