An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA14-1028

Filed: 4 August 2015

Polk County, No. 13 CVS 129

LAWRENCE J. TRABER and ELGE L. TRABER, Plaintiffs,

v.

BANK OF AMERICA and BANK OF AMERICA HOME LOANS, Defendants.

Appeal by plaintiffs from order entered 9 July 2014 by Judge Marvin P. Pope in Polk County Superior Court. Heard in the Court of Appeals 22 January 2015.

*Lawrence J. Traber and Elge L. Traber, pro se, plaintiffs-appellants.*

*McGuireWoods, LLP, by R. Locke Beatty, for defendants-appellees.*

GEER, Judge.

Plaintiffs Lawrence J. Traber and Elge L. Traber appeal from an order granting judgment on the pleadings pursuant to Rule 12(c) of the Rules of Civil Procedure and from an order denying their motion for rehearing pursuant to Rule 59 of the Rules of Civil Procedure. Because the trial court considered exhibits in addition to the pleadings, the motion filed by defendants Bank of America ("BANA") and Bank of America Home Loans ("BAHL") was converted into a motion for summary judgment. We agree with defendants that the trial court properly entered judgment on plaintiffs' claims based on the doctrine of res judicata. Plaintiffs' claims in this

case allege violations of the federal Home Affordable Modification Program ("HAMP") rules. However, plaintiffs had, in a prior lawsuit, similarly alleged that defendants committed HAMP violations, and those claims were dismissed with prejudice. We hold that res judicata applies, and the trial court properly entered judgment dismissing this action.

Facts

In 2006, plaintiffs took out a $417,000.00 mortgage with Mid-Atlantic Financial Services, Inc. that was secured by property at 3521 Howard Gap Road in Saluda, North Carolina. Plaintiffs stopped making payments on their mortgage in 2009 and received a letter of default from BANA. On 17 December 2010, plaintiffs filed a complaint ("the 2010 complaint") in Polk County Superior Court, alleging claims against the following defendants: Bank of America Corporation Home Loans Servicing LP, BANA, BAC/Countrywide Home Loans ("BACHLS"), Mortgage Electronic Registration Services ("MERS"), and Fannie Mae.

In the 2010 complaint as amended, plaintiffs made the following allegations. Plaintiffs asserted that they signed the loan documents in 2006 under duress, and sometime thereafter the defendants denied plaintiffs a rescission of their loan. According to the complaint, the defendants did not properly register the mortgage in accordance with federal laws and also did not pay real property transfer taxes on the property. Plaintiffs acknowledged that they stopped making payments on their

mortgage after 3 August 2009 and that they received a letter from the defendants notifying them of their default under the terms of the mortgage. Plaintiffs claimed that they assumed from the default letter that foreclosure was impending. After receiving the default letter, plaintiffs "submitted at least four loan modification packages with no satisfaction (a violation of HAMP guidelines)." They alleged further that they requested, but never received, documentation regarding the ownership of their mortgage from the defendants. The complaint asserted that plaintiffs filed the 2010 complaint because of the HAMP violations and the refusal to provide them with the requested documentation. The complaint also alleged violations of other federal and state law.

Finally, plaintiffs claimed that the defendants had presented no evidence of ownership of the loan and, therefore, had no standing to foreclose on the property. Based on that allegation, plaintiffs asserted a claim to quiet title and requested that the trial court prohibit the defendants from demanding mortgage payments from plaintiffs.

The defendants named in the 2010 complaint filed a motion to dismiss. At the hearing on the motion to dismiss, counsel for the defendants pointed out that plaintiffs were not actually in foreclosure and that any claim for alleged HAMP violations should, therefore, be dismissed. On 18 April 2011, the trial court ordered that "Defendants' Motion to Dismiss is GRANTED as to Plaintiffs' Complaint and

Amended Complaint and that this action is hereby DISMISSED pursuant to Rule 12(b)(6)."

On 23 May 2011, plaintiffs filed a second lawsuit, although this time in federal court ("the 2011 complaint"). The 2011 complaint again included BACHLS as a defendant, as well as other defendants. In that complaint, plaintiffs asserted causes of action against the defendants based on their allegations that plaintiffs had "made numerous inquiries [to the defendants] but were stonewalled when they asked who now owned the[ir] note." Plaintiffs alleged, based on this behavior, that the holder of their mortgage had "bifurcated the loan by retaining the security interest while the note was sold, and . . . caused the mortgage to become unsecured." Plaintiffs sought a declaration that their note had become unsecured "because it was bifurcated."

In order to establish diversity jurisdiction, plaintiffs amended their complaint to drop their claims against BACHLS. Ultimately, the federal district court dismissed the lawsuit as barred by res judicata. *Traber v. Mortg. Elec. Registration Sys., Inc.*, 2012 WL 4089282, 2012 U.S. Dist. LEXIS 131907 (W.D.N.C., Sept. 17, 2012), *aff'd*, 510 Fed. Appx. 307 (4th Cir.), *cert. denied*, ___ U.S. ___, 187 L. Ed. 2d 366, 134 S. Ct. 518 (2013).

On 23 May 2013, plaintiffs filed suit again in Polk County Superior Court ("the 2013 complaint") against BANA and BAHL.[1] Plaintiffs alleged that when they applied for a HAMP home loan modification in 2009, pursuant to 12 U.S.C. § 1701 (c)(5), defendants placed them on a "merry-go-round in which [plaintiffs] repeatedly provided documentation to Bank of America and were told that their submission had not been received, or that forms were wrong or incomplete, and making them wait months for a response only to be told that because of the delay, the window for them to apply for a HAMP modification had closed, and finally that they were ineligible for a HAMP loan modified [sic] because they were not 'actually in foreclosure.'" Plaintiffs alleged that this drawn out process led to the denial of their loan modification application and that, but for defendants' actions, they would be entitled to receive a HAMP loan modification. Plaintiffs further alleged that defendants' actions were part of a broader scheme to engage in HAMP violations for a profit. Based on defendants' alleged HAMP violations, plaintiffs asserted claims for "Breach of Warranty of Good Faith," "Failure to Comply with 12 USC 1701," fraud, and conversion.

In support of their contention that they were wrongly denied a loan modification package due to defendants' HAMP violations, plaintiffs alleged they

---

[1]Plaintiffs have named BAHL as a defendant in this action, although this entity does not appear to actually exist. To the extent plaintiffs intended to name BACHLS as a party, BANA asserts that BACHLS merged with BANA prior to the filing of the 2013 complaint.

received a check from a company called Rust Consulting, Inc. ("Rust Consulting check") that was accompanied by a letter informing them that they were part of a class of homeowners who were being compensated as part of a settlement between BANA and multiple state attorneys general over BANA's alleged " 'deficient mortgage servicing and foreclosure process.' " Plaintiffs also referred to a whistleblower lawsuit brought by a former BANA employee, Gregory Mackler, *United States ex rel. Gregory Mackler v. Bank of Am., N.A. & BAC Home Loan Servicing, L.P.*, No. 1:11-CV-11-3270 (E.D.N.Y., June 1, 2012), alleging that BANA committed HAMP violations. Plaintiffs noted that this lawsuit ultimately settled. Although plaintiffs did not make the *Mackler* complaint part of the record, they asserted that the complaint contained allegations that BANA violated HAMP guidelines by subjecting mortgage customers to tactics similar to those that plaintiffs contend caused them to be denied a HAMP loan modification.

BANA gave notice of removal to federal court. Plaintiffs moved to remand the case back to Polk County Superior Court. On 7 March 2014, the district court entered an order dismissing plaintiffs' claim of "Failure to Comply with 12 USC 1701," declining to exercise jurisdiction over the remaining state law claims, and remanding the 2013 action to state court.

On or about 3 April 2014, BANA filed an answer and affirmative defenses. BANA also filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the

Rules of Civil Procedure, arguing that the 2013 complaint was "barred by the doctrine of res judicata" and that plaintiffs had failed to state a claim for relief. BANA filed a memorandum in support of this motion, to which was attached several exhibits, including copies of plaintiffs' deed of trust, the 2010 complaint, the order dismissing the 2010 complaint, the amended 2011 complaint, the order dismissing the 2011 complaint, and the Fourth Circuit's decision affirming that dismissal.

On 25 April 2014, plaintiffs sought a 30-day extension of their time to answer the motion for judgment on the pleadings. On or about 3 May 2014, the trial court denied plaintiffs' motion and granted BANA's motion for judgment on the pleadings, dismissing plaintiffs' 2013 complaint "in its entirety with prejudice." On 9 May 2014, plaintiffs filed a motion for reconsideration of the dismissal of the 2013 complaint pursuant to Rule 59(a)(1), (3), and (8) of the Rules of Civil Procedure. The trial court denied the Rule 59 motion on 9 July 2014.

Plaintiffs gave timely notice of appeal from the order denying reconsideration on 10 July 2014. On 15 July 2014, plaintiffs amended their notice of appeal to also timely appeal the order entering judgment dismissing the 2013 complaint.

Discussion

Plaintiffs first argue that the trial court should not have granted defendants' motion for judgment on the pleadings regarding the 2013 complaint because the alleged HAMP violations in the 2013 complaint were not barred by the doctrine of res

judicata. We note that after BANA submitted its memorandum in support of its Rule 12(c) motion with attached exhibits, plaintiffs did not object to consideration of the exhibits. Thus, "matters outside the pleadings [were] received and not excluded by the trial court," and therefore the "motion for judgment on the pleadings should be treated as a motion for summary judgment and disposed of in the manner and under the conditions set forth in Rule 56 of the North Carolina Rules of Civil Procedure." *Helms v. Holland*, 124 N.C. App. 629, 633, 478 S.E.2d 513, 516 (1996) (holding that motion for judgment on pleadings under Rule 12(c) had been converted to motion for summary judgment because trial court considered materials outside pleadings).

"Our standard of review of an appeal from summary judgment is de novo; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.'" *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)). Summary judgment is appropriate

> when the pleadings, together with depositions, interrogatories, admissions on file, and supporting affidavits show that there is no genuine issue as to any material fact and that a party is entitled to judgment as a matter of law.

*Stafford v. Cnty. of Bladen*, 163 N.C. App. 149, 151, 592 S.E.2d 711, 713 (2004).

This Court has explained with respect to the doctrine of res judicata:

> The party seeking to assert *res judicata* has the burden of establishing its elements. A party must show (1) a final judgment on the merits in an earlier suit, (2) an identity of the causes of action in both the earlier and the later suit, and (3) an identity of the parties or their privies in the two suits in order to prevail on a theory of *res judicata.*

*Auto. Grp., LLC v. A-1 Auto Charlotte, LLC*, ___ N.C. App. ___, ___, 750 S.E.2d 562, 565 (2013) (internal citations and quotation marks omitted).

There is no dispute that the first and third elements of the res judicata doctrine have been satisfied. Plaintiffs, however, dispute whether there is an identity in causes of action between the 2010 and 2013 complaints. Res judicata bars " 'matters actually litigated and determined, [or] matters which could properly have been litigated and determined in the former action. . . .' " *Moody v. Able Outdoor, Inc.*, 169 N.C. App. 80, 87, 609 S.E.2d 259, 263 (2005) (quoting *Fickley v. Greystone Enters.*, 140 N.C. App. 258, 260, 536 S.E.2d 331, 333 (2000)). Where, in a subsequent action, a party "attempt[s] to proceed by asserting a new legal theory or by seeking a different remedy" than in a prior action, yet does not "seek[] a remedy for a separate and distinct . . . act leading to a separate and distinct injury[,]" then the subsequent action is barred by res judicata. *Bockweg v. Anderson*, 333 N.C. 486, 494, 428 S.E.2d 157, 163 (1993).

Because plaintiffs alleged precisely the same HAMP violations in the 2010 complaint as they did in the 2013 complaint and that they suffered the same injury (that they were denied a HAMP loan modification package as a result of the alleged

violations), we hold that defendants have met their burden of showing that the claims asserted in the 2013 complaint are barred by res judicata. *See In re Raynor*, ___ N.C. App. ___, ___, 748 S.E.2d 579, 584 (2013) (holding homeowners estopped from raising issue of HAMP violations as defense against bank in foreclosure proceeding when homeowners' separate suit against bank asserting HAMP violations was previously dismissed with prejudice).

Plaintiffs nonetheless cite *Gaither Corp. v. Skinner*, 241 N.C. 532, 536, 85 S.E.2d 909, 912 (1955), for the proposition that "where the omission of an item from a single cause of action is caused by fraud or deception of the opposing party, or where the owner of the cause of action had no knowledge or means of knowledge of the item, the judgment in the first action does not ordinarily bar a subsequent action for the omitted item." Plaintiffs do not, however, argue that they were fraudulently misled or deceived as to the existence of the alleged HAMP violations. Instead, plaintiffs merely assert that they lacked knowledge of the *Mackler* complaint and settlement, as well as the Rust Consulting check, which provided evidence in support of their eligibility for a HAMP modification and defendants' alleged HAMP violations.

In contrast to *Gaither*, plaintiffs do not contend they were unaware of any claim, but rather that *Mackler* and the Rust Consulting check provided evidence in support of their existing claims of which they were unaware at the time of the 2010 complaint. The uncovering of additional evidence is not sufficient to avoid the res

judicata doctrine. *See Scarvey v. First Fed. Sav. & Loan Ass'n of Charlotte*, 146 N.C. App. 33, 40, 552 S.E.2d 655, 659 (2001) (holding appellants could not avoid collateral estoppel bar by asserting "additional evidence about the original facts").

Plaintiffs further argue that in the 2013 complaint, they pled a claim not previously asserted for violation of the duty of good faith and fair dealing. In addition, they argue that their allegations amounted to a claim for unfair or deceptive trade practices in violation of N.C. Gen. Stat. § 75-1.1 (2013), even though the complaint did not specifically assert such a claim. Because, however, these claims are still based on the HAMP violations that were the subject of the 2010 complaint and amount to a "mere[] change [in] legal theory" with respect to the same injury that was the subject of the 2010 complaint, these claims are likewise barred by res judicata. *Bockweg*, 333 N.C. at 494, 428 S.E.2d at 163.

Additionally, for the first time in their reply brief, plaintiffs contend *First Fed. Bank v. Aldridge*, ___ N.C. App. ___, 749 S.E.2d 289 (2013), supports their contention that defendants failed to properly demonstrate ownership of their mortgage. Since plaintiffs raised the issue of the ownership of their mortgage in the 2010 complaint, their arguments based on *First Federal Bank* are also barred by res judicata. Consequently, we hold that the trial court did not err in granting judgment in favor of defendants. *See Stafford*, 163 N.C. App. at 155, 592 S.E.2d at 715 (affirming grant

of summary judgment in favor of defendant because plaintiffs' claims barred by res judicata).

Finally, plaintiffs argue that the trial court erred in denying their motion for reconsideration made pursuant to Rule 59(a)(1), (3), and (8) of the Rules of Civil Procedure. " '[W]here [a] [Rule 59] motion involves a question of law or legal inference, our standard of review is *de novo.*'" *Bodie Island Beach Club Ass'n v. Wray*, 215 N.C. App. 283, 294, 716 S.E.2d 67, 77 (2011) (quoting *Batlle v. Sabates*, 198 N.C. App. 407, 423, 681 S.E.2d 788, 799 (2009)). Because we have determined that the trial court did not err in dismissing the 2013 complaint based on res judicata, the trial court likewise did not err in denying plaintiffs' Rule 59 motion.

AFFIRMED.

Judges STEPHENS and DILLON concur.

Report per Rule 30(e).