KEVIN L. HINES, Plaintiff v. WAL-MART STORES EAST, L.P., Defendant

No. COA07-1160

(Filed 15 July 2008)

**Premises Liability— slip and fall—new trial—no evidence that safety policies followed—burden of proof shifted**

The trial court improperly shifted the burden of proof to defendant in a negligence action arising from a fall on diced peaches in a store by granting a new trial on the ground that defendant failed to produce evidence that it had complied with its safety sweep policies and failed to identify any employee responsible for performing the safety sweeps.

**HINES v. WAL-MART STORES E., L.P.**

[191 N.C. App. 390 (2008)]

Appeal by defendant from order entered 24 May 2007 by Judge Milton F. Fitch, Jr., in Wilson County Superior Court. Heard in the Court of Appeals 6 March 2008.

*Brown, Crump, Vanore & Tierney, L.L.P., by Michael W. Washburn, for defendant appellant.*

*Taylor Law Office, by W. Earl Taylor, Jr., for plaintiff appellee.*

McCULLOUGH, Judge.

Defendant, Wal-Mart Stores, L.P., appeals an order granting plaintiff, Kevin L. Hines, a new trial pursuant to Rule 59(a)(7) and (9) of the N.C. Rules of Civil Procedure. We reverse.

On 3 February 2006, plaintiff filed a complaint alleging that as a result of defendant's negligence, plaintiff sustained personal injuries damaging him in excess of $10,000. The case was tried at the 16 April 2007 Civil Session of Wilson County Superior Court. The evidence presented at trial tended to show the following: On 8 October 2005, plaintiff was lawfully visiting defendant's store located at 2500 Forest Hills Road in Wilson, when he slipped and fell on some diced peaches and juice that had been spilled on the floor inside the store. Plaintiff had not seen nor was he aware of the presence of the spill prior to slipping on it. As a result of his fall, plaintiff sustained injuries to his back that required surgery.

At the time of plaintiff's fall, defendant was operating under a policy whereby defendant's employees were to conduct "zone defense" and "safety sweeps" to keep the floor free of spills. Additionally, defendant's employees were instructed to wipe up any spills as they saw them.

At trial, conflicting evidence was presented as to whether defendant had notice or constructive notice of the spill. Both plaintiff and plaintiff's wife, Crystal Hines ("Mrs. Hines"), testified that after the incident, Cheryl Ingalls ("Ingalls"), a store manager, apologized for the spill and explained that the employees in the store had been so busy that they were not able to clean the spill from the floor. Ingalls, however, denied telling plaintiff and Mrs. Hines that store employees had been too busy to clean up the spill and testified that she was not aware of the spill until she was notified of plaintiff's fall. Ingalls also testified that she did not know of any Wal-Mart employee who was aware of the spill prior to plaintiff's fall. Alice Fagan, the store employee who reported the incident to Ingalls and called Ingalls over

to the scene of the fall, testified that she did not hear Ingalls make a statement about the store being too busy to have someone clean up the spill.

At the conclusion of the trial, the jury delivered a unanimous verdict in favor of defendant, responding to the first issue as follows: "Was the plaintiff injured by the negligence of the defendant? Answer: No."

In open court, plaintiff moved for a new trial pursuant to Rule 59(a)(7) and (9) of the N.C. Rules of Civil Procedure on the grounds that there was insufficient evidence to justify the verdict, the verdict was contrary to the law, and the verdict was contrary to the overwhelming weight of the evidence. N.C. Gen. Stat. § 1A-1, Rule 59 (2007). The trial court granted plaintiff's motion, finding, *inter alia*:

7. No evidence was produced to show that the defendant had complied with its policies and/or practices of performing "zone defense" and "safety sweeps" prior to the plaintiff's fall in the location of the plaintiff's fall.

8. The defendant was not able to identify any employee and/or persons responsible for performing the "zone defense" and "safety sweeps" in the location that the plaintiff fell at or near the time the plaintiff fell.

9. The plaintiff testified that the employee and/or agent of the defendant, Cheryl Ingalls, told the plaintiff after the plaintiff fell that she was sorry but the defendants had not had time to clean up the spill on the floor because the store was so busy.

10. Crystal Hines testified that she heard Ms. Cheryl Ingalls say that she was sorry but the employees of the store did not have time to clean up the spill of the diced peaches and juice because the store was so busy.

\* \* \* \*

13. The court finds in its discretion that there was an insufficiency of the evidence to justify the verdict of the jury.

Rule 59(a)(7) authorizes a trial court to grant a new trial based on the "insufficiency of the evidence to justify the verdict." N.C. Gen. Stat. § 1A-1, Rule 59(a)(7). The trial court has discretionary authority to appraise the evidence and to " 'order a new trial whenever in his opinion the verdict is contrary to the greater weight of the *credible*

testimony.' " *Britt v. Allen*, 291 N.C. 630, 634, 231 S.E.2d 607, 611 (1977) (emphasis added) (quoting *Roberts v. Hill*, 240 N.C. 373, 380, 82 S.E.2d 373, 380 (1954)). In the absence of an abuse of discretion, a trial court's ruling on a motion for a new trial due to the insufficiency of evidence is not reversible on appeal. *In re Buck*, 350 N.C. 621, 626, 516 S.E.2d 858, 860-61 (1999) (re-emphasizing that the proper standard of review for a Rule 59(a)(7) order is an abuse of discretion standard and not a *de novo* standard).

We note, however, that our Supreme Court has stressed that the discretionary authority to grant a new trial under Rule 59 "must be used with *great care and exceeding reluctance*. This is so because the exercise of this discretion sets aside a jury verdict and, therefore, will always have some tendency to diminish the fundamental right to trial by jury in civil cases which is guaranteed by our Constitution." *In re Buck*, 350 N.C. at 626, 516 S.E.2d at 861.

Here, while the trial court had discretionary authority to weigh the evidence that it deemed credible, the order reveals that the trial court misapprehended the law and improperly shifted plaintiff's burden of proof to defendant. A discretionary ruling made under a misapprehension of the law, may constitute an abuse of discretion. *See State v. Cornell*, 281 N.C. 20, 30, 187 S.E.2d 768, 774 (1972) (stating that "where rulings are made under a misapprehension of the law, the orders or rulings of the trial judge may be vacated and the case remanded for further proceedings, modified or reversed, as the rights of the parties and the applicable law may require"); and *Ledford v. Ledford*, 49 N.C. App. 226, 234, 271 S.E.2d 393, 399 (1980) (concluding that the court's denial of a motion to amend was based on a misapprehension of the law, was an abuse of discretion, and was reversible error).

In a premises liability case involving injury to an invitee, the owner of the premises has a duty to exercise "ordinary care to keep in a reasonably safe condition those portions of its premises which it may expect will be used by its customers during business hours, and to give warning of hidden perils or unsafe conditions insofar as they can be ascertained by reasonable inspection and supervision." *Raper v. McCrory-McLellan Corp.*, 259 N.C. 199, 203, 130 S.E.2d 281, 283 (1963). In order to prove that the defendant-proprietor is negligent, plaintiff must show that the defendant either (1) negligently created the condition causing the injury, or (2) negligently failed to correct the condition after actual or constructive notice of its existence. *Hinson v. Cato's, Inc.*, 271 N.C. 738, 739, 157 S.E.2d 537, 538 (1967).

Thus, as a matter of law, the burden to establish negligent conduct is on the plaintiff.

Here, as grounds for granting a new trial, the trial court found that defendant failed to produce evidence that it "had complied with its [safety sweeps] policies" and that defendant failed to identify "any employee . . . responsible for performing the . . . 'safety sweeps' in the location that the plaintiff fell at or near the time the plaintiff fell." By requiring defendant to produce evidence that defendant had been acting in a non-negligent manner at the time of plaintiff's fall, the trial court improperly shifted the legal burden of proof to defendant. This was an abuse of discretion. Accordingly, we reverse.

Reversed.

Judges STEELMAN and ARROWOOD concur.