STATE OF NORTH CAROLINA v. STEPHANIE NICOLE NUNEZ

No. COA09-1236

(Filed 18 May 2010)

**1. Drugs— trafficking in marijuana—motion to dismiss—sufficient evidence**

The trial court did not err in denying defendant's motion to dismiss trafficking in marijuana charges because the State presented sufficient evidence of all the elements of the offenses, including that defendant had knowledge that boxes delivered to her apartment contained controlled substances, for the charges to be submitted to the jury.

**2. Sentencing— consecutive sentences—two trafficking in marijuana offenses**

The trial court erred in imposing consecutive sentences as a matter of law on defendant for his convictions of two trafficking

in marijuana offenses. While N.C.G.S. § 90-95 mandates that when sentencing a defendant for trafficking in marijuana pursuant to subsection (h) of N.C.G.S. § 90-95, the trial court must run the sentence consecutively to any sentence the defendant is currently serving, it does not mean that when a defendant is convicted of multiple trafficking offenses at a term of court that those sentences, as a matter of law, must run consecutively to each other. The trial court had the discretion to run defendant's sentences consecutively or concurrently.

Appeal by defendant from judgments entered 16 April 2009 by Judge W. Russell Duke, Jr. in Pitt County Superior Court. Heard in the Court of Appeals 24 March 2010.

*Attorney General Roy Cooper, by Special Deputy Attorney General Victoria L. Voight, for the State.*

*James W. Carter for defendant-appellant.*

STEELMAN, Judge.

The State introduced sufficient circumstantial evidence for the trafficking in marijuana charges to be submitted to the jury. Pursuant to N.C. Gen. Stat. § 90-95(h), when a defendant is convicted of multiple drug trafficking offenses at the same term of court, the trial court has the discretion to run the sentences either consecutively or concurrently.

## I. Factual and Procedural Background

On 27 June 2006, a police drug dog alerted the Greenville Police to two suspicious packages at the United Parcel Service (UPS) hub in Greenville. A search warrant was obtained, and the packages were searched. They each contained two 5-gallon paint cans sealed in plastic wrap. Inside the cans was marijuana, weighing a total of 25.5 pounds.

The packages were addressed to "Holly Wright," 2429 Charles Boulevard, Number 19 in Greenville. Holly Wainwright (Wainwright) and Stephanie Nicole Nunez (defendant) had shared the apartment, but Wainwright had moved out prior to 27 June 2006. A controlled delivery of the packages was organized for later that day. The packages were delivered, accepted by defendant, and dragged into the apartment by defendant. Defendant then called her boyfriend, Dia Smallwood (Smallwood), and advised him that the packages had

arrived. Shortly thereafter, Smallwood pulled up, opened the hatch-back of his vehicle, and entered the apartment. Police executed a search warrant for the apartment and found Smallwood holding one of the packages. Smallwood dropped the package and bolted from the apartment.

Defendant and Smallwood were both charged with drug offenses. Defendant was indicted for two counts of trafficking in marijuana; by possession and transportation. Defendant was also indicted for possession with intent to sell and deliver marijuana, two counts of conspiracy to traffic in marijuana; by possession and transportation, felony maintaining of a dwelling for controlled substances, and possession of drug paraphernalia.

On 16 April 2009, a jury found defendant guilty of the four trafficking offenses, the charge of possession of drug paraphernalia, and of the lesser-included offense of possession of marijuana. Defendant was found not guilty of maintaining a dwelling for controlled substances. The trial court arrested judgment on the conspiracy charges, the possession of marijuana charge, and the possession of drug paraphernalia charge. Defendant was sentenced to two consecutive terms of active imprisonment of 25-30 months on the remaining two trafficking offenses.

Defendant appeals.

## II.  Motion to Dismiss at the Close of the State's Evidence

**[1]** In her first argument, defendant contends that the trial court erred in not dismissing each of the charges. We disagree.

Because the trial court arrested judgment on the conspiracy offenses, the possession of marijuana charge, and the possession of drug paraphernalia charge, defendant's assignments of error pertaining to those charges are dismissed. *State v. Roman,* —— N.C. App. ——, ——, S.E.2d ——, —— (2010).

### A.  Standard of Review

"The denial of a motion to dismiss for insufficient evidence is a question of law, which this Court reviews *de novo*." *State v. Bagley,* 183 N.C. App. 514, 523, 644 S.E.2d 615, 621 (2007) (internal citations omitted). The question upon review is "whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State*

*v. Blizzard*, 169 N.C. App. 285, 289, 610 S.E.2d 245, 249 (2005) (citation and quotations omitted). In considering the motion, the trial court must view the evidence in the light most favorable to the State and give the State every reasonable inference. *State v. Thaggard*, 168 N.C. App. 263, 281, 608 S.E.2d 774, 786 (2005) (citing *State v. Gibson*, 342 N.C. 142, 150, 463 S.E.2d 193, 199 (1995)).

### B. Sufficiency of the Evidence

While each of the trafficking offenses contains slightly different elements, defendant's argument focuses solely upon one element; whether defendant had knowledge that the boxes delivered to her apartment contained controlled substances.

The class H felony of trafficking in marijuana by transportation requires the State to prove (1) that defendant knowingly transported the marijuana, and (2) that the marijuana weighed more than 10 pounds, but less than 50 pounds. N.C. Gen. Stat. § 90-95(h)(1)(a) (2009); *see also* N.C.P.I., Crim. 260.30.

The class H felony of trafficking in marijuana by possession requires the State to prove (1) that defendant knowingly possessed the marijuana, and (2) that the marijuana weighed more than 10 pounds, but less than 50 pounds. N.C. Gen. Stat. § 90-95(h)(1)(a) (2009); *see also* N.C.P.I., Crim. 260.17. The possession element can be proven by showing that defendant had both the power and intent to control the disposition or use of the marijuana. *State v. Dow*, 70 N.C. App. 82, 85, 318 S.E.2d 883, 885 (1984) (citations omitted). Defendant's "possession may be either actual or constructive." *Id.* (citation omitted). We note that both defendant and the State discuss at length the concept of constructive possession in their briefs. Defendant accepted both packages from the UPS delivery person and dragged the packages into her apartment. Defendant thus had actual, not constructive, possession of the packages, and the principles of constructive possession are irrelevant to our analysis of this case.

Defendant argues that the State failed to establish that she had knowledge that the packages contained marijuana. "Knowledge" is defined as, "[a]n awareness or understanding of a fact or circumstance; a state of mind in which a person has no substantial doubt about the existence of a fact." Black's Law Dictionary 950 (9th ed. 2009).

Knowledge is a mental state and may be proved by the conduct and statements of the defendant, by statements made to him by

others, by evidence of reputation which it may be inferred had come to his attention, and by circumstantial evidence from which an inference of knowledge might reasonably be drawn.

*State v. Boone*, 310 N.C. 284, 294-95, 311 S.E.2d 552, 559 (1984) (citations omitted).

In the absence of a confession by defendant that she knew the boxes contained marijuana, the State's proof of this element must of necessity be circumstantial. "[C]ircumstantial evidence is that which is indirectly applied by means of circumstances from which the existence of the principal fact may reasonably be deduced or inferred." *State v. Blackwelder*, 182 N.C. 899, 904, 109 S.E. 644, 647 (1921). The law makes no distinction between the weight to be given to either direct or circumstantial evidence. *State v. Sluka*, 107 N.C. App. 200, 204, 419 S.E.2d 200, 203 (1992) (citation omitted).

The State presented the following evidence, which was sufficient circumstantial evidence to submit the charges to the jury: (1) the packages were addressed to "Holly Wright," a person who no longer lived in the apartment with defendant; (2) defendant immediately accepted possession of the packages, dragged them into the apartment, and never mentioned to the delivery person that Wainwright no longer lived there; (3) Wainwright testified that she had not ordered the packages; (4) defendant told a neighbor that Smallwood had ordered the packages for her; (5) defendant did not open the packages, but she immediately called Smallwood to tell him the packages had arrived; (6) after getting off the phone with Smallwood, defendant acted like she was in a hurry to leave; and (7) Smallwood came to the apartment within thirty-five minutes of the packages being delivered.

" 'In 'borderline' or close cases, our courts have consistently expressed a preference for submitting issues to the jury . . . .' " *State v. Jenkins*, 167 N.C. App. 696, 701, 606 S.E.2d 430, 433 (quoting *State v. Jackson*, 103 N.C. App. 239, 244, 405 S.E.2d 354, 357 (1991) (internal quotations and citations omitted), *aff'd*, 331 N.C. 113, 413 S.E.2d 798 (1992)), *aff'd*, 359 N.C. 423, 611 S.E.2d 833 (2005). Both *Jenkins* and *Jackson* involved the charges of trafficking in drugs and of conspiracy to traffic in drugs, and the submission of these offenses to the jury based upon the sufficiency of circumstantial evidence.

We hold that the State presented sufficient circumstantial evidence that defendant had knowledge that the contents of the pack-

ages contained controlled substances for the cases to be submitted to the jury.

This argument is without merit.

### III.  Consecutive Sentences

[2] In her second and third arguments, defendant contends that the trial court erred in imposing consecutive sentences for the two trafficking in marijuana offenses. We agree and remand these cases to the trial court for a new sentencing hearing.

Defendant was sentenced for two counts of trafficking in marijuana. At the sentencing hearing, the prosecutor told the trial judge that under the provisions of N.C. Gen. Stat. § 90-95(h)(6), the trial court was required as a matter of law to run the two sentences consecutively to each other. The trial court expressed skepticism concerning this, but defense counsel agreed with the prosecutor. In sentencing defendant on the second trafficking charge, the trial court stated: "This sentence to be served at the expiration of the sentence imposed in Count 1 as required by law."

N.C. Gen. Stat. § 90-95 provides that, "[s]entences imposed pursuant to this subsection shall run consecutively with and shall commence at the expiration of any sentence being served by the person sentenced hereunder." N.C. Gen. Stat. § 90-95(h)(6) (2009). This language mandates that when sentencing a defendant for trafficking in marijuana pursuant to subsection (h) of N.C. Gen. Stat. § 90-95, the trial court must run the sentence consecutively to "any sentence being served" by the defendant. This means that if the defendant is already serving a sentence, the new sentence under N.C. Gen. Stat. § 90-95(h) must run consecutively to that sentence. It does not mean that when a defendant is convicted of multiple trafficking offenses at a term of court that those sentences, as a matter of law, must run consecutively to each other. When this occurs, the trial court has the discretion to run the sentences either consecutively or concurrently. *State v. Bozeman*, 115 N.C. App. 658, 662-63, 446 S.E.2d 140, 143 (1994); *State v. Walston*, 193 N.C. App. 134, 141, 666 S.E.2d 872, 877 (2008).

"When multiple sentences of imprisonment are imposed on a person at the same time or when a term of imprisonment is imposed on a person who is already subject to an undischarged term of imprisonment, . . . the sentences may run either concurrently or consecutively, as determined by the court." N.C. Gen. Stat. § 15A-1354(a)

(2009). The trial court has the discretion to determine whether to impose concurrent or consecutive sentences. *See State v. Parker*, 350 N.C. 411, 441, 516 S.E.2d 106, 126 (1999) (citing N.C. Gen. Stat. § 15A-1354(a)), *cert. denied*, 528 U.S. 1084, 145 L. Ed. 2d 681 (2000).

In the instant case, the trial court erroneously believed that it was mandated by law to impose consecutive sentences. When a trial judge acts under a misapprehension of the law, this constitutes an abuse of discretion. *Hines v. Wal-Mart Stores E., L.P.*, 191 N.C. App. 390, 393, 663 S.E.2d 337, 339 (2008) (citing *State v. Cornell*, 281 N.C. 20, 30, 187 S.E.2d 768, 774 (1972)), *disc. review denied*, 363 N.C. 126, 673 S.E.2d 131 (2009); *see also Riviere v. Riviere*, 134 N.C. App. 302, 307, 517 S.E.2d 673, 676 (1999). We vacate the judgments entered in the two trafficking cases and remand for a new sentencing hearing.

Upon remand, we note that the sentence for these offenses is 25-30 months, as mandated by N.C. Gen. Stat. § 90-95(h)(1)(a). Whether the two sentences should run concurrently or consecutively rests in the discretion of the trial court.

DISMISSED IN PART, NO ERROR IN PART, VACATED AND REMANDED FOR NEW SENTENCING HEARING IN PART.

Judges BRYANT and BEASLEY concur.