STROUD, Judge.
 

 *105
 
 Defendant Edward Earl Jones ("defendant") appeals from his conviction of assault with a deadly weapon with intent to kill inflicting serious injury. On appeal, defendant contends that he was denied his fundamental right to effective assistance of counsel and contends that his defense counsel failed to argue self-defense on his behalf. But the record indicates that counsel did stipulate to the State's admission of evidence of self-defense and argued self-defense in the closing argument. We therefore hold that defendant did not receive ineffective assistance of counsel and find no error with the trial court's judgment.
 

 Background
 

 On 15 November 2015, Brunswick County 911 operators received three phone calls from a male, later identified as defendant, who stated that he had stabbed his wife, she was bleeding badly, and he had left their home in Southport, North Carolina. Defendant's wife, Mary,
 
 [1]
 
 also called 911 and reported that she had been stabbed in her chest and arm by her husband. Mary told the 911 operator that defendant had left their home and may be driving a black Chrysler
 
 *923
 
 200 vehicle. An officer received a radio call describing the vehicle and realized that he had just passed a vehicle fitting that description, so he turned around and stopped the vehicle. Defendant, the driver of the vehicle, put his hands up and told the officer he was on his way to the Brunswick County Sheriff's Office to turn himself in after stabbing his wife during an argument that morning.
 
 *106
 
 Defendant was arrested and charged with felony assault with a deadly weapon with intent to kill inflicting serious injury. He voluntarily submitted to an interview with police. Defendant explained his version of events during that interview with police, stating that just prior to the incident, he received a call from his daughter claiming that Mary had just told her not bring her daughter-defendant's granddaughter-to the house that day for defendant to watch because he was going to be arrested. Defendant said that when he confronted Mary in the bedroom about the phone call, she threatened him and produced a kitchen knife, so he removed his pocketknife from his pocket and stabbed Mary at least once to get her to drop the knife.
 

 Defendant was indicted on or about 7 December 2015. Defendant waived his right to a jury trial, and the matter proceeded to a bench trial on 28 and 29 July 2016 and concluded on 1 August 2016. Mary testified at defendant's trial that defendant entered the bedroom and said " 'Bitch, ... I'm going to kill you. You turned against me for everybody else.' " He stabbed her with the kitchen knife, said " 'You're going to die[,]' " and then stabbed her again with his pocketknife. She could not remember the third stabbing, but afterward he stabbed her in the chest, she started hollering " 'I'm dying.' " The trial court found defendant guilty as charged and entered a judgment on or about 1 August 2016. Defendant timely filed notice of appeal to this Court.
 

 Defendant's MAR
 

 Defendant contemporaneously filed a Motion for Appropriate Relief ("MAR") with his direct appeal. Defendant's MAR includes an attachment of an affidavit from his trial attorney. We would only consider granting defendant's MAR if we could not address his claims on the face of the record on direct appeal; and if that were the case, we would have to remand the matter to the trial court for an evidentiary hearing.
 
 See, e.g.,
 

 State v. Fair
 
 ,
 
 354 N.C. 131
 
 , 166,
 
 557 S.E.2d 500
 
 , 524-25 (2001) ("IAC claims brought on direct review will be decided on the merits when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing. This rule is consistent with the general principle that, on direct appeal, the reviewing court ordinarily limits its review to material included in the record on appeal and the verbatim transcript of proceedings, if one is designated." (Citations and quotation marks omitted) ). Because we can resolve this issue on direct appeal, remanding for a hearing on defendant's MAR is unnecessary. We deny defendant's MAR.
 

 *107
 

 Direct Appeal: IAC Claim
 

 Defendant's sole argument on appeal is that he was denied his fundamental right to effective assistance of counsel because his trial counsel "inexplicably" failed to present the defense of self-defense.
 

 To prevail on a claim of ineffective assistance of counsel, a defendant must first show that his counsel's performance was deficient and then that counsel's deficient performance prejudiced his defense. Deficient performance may be established by showing that counsel's representation fell below an objective standard of reasonableness. Generally, to establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
 

 State v. Allen
 
 ,
 
 360 N.C. 297
 
 , 316,
 
 626 S.E.2d 271
 
 , 286 (2006) (citations and quotation marks omitted).
 

 First, we note that we generally refrain from critiquing trial counsel's decision to pursue or not pursue a particular defense.
 

 *924
 

 See
 

 State v. Prevatte
 
 ,
 
 356 N.C. 178
 
 , 236,
 
 570 S.E.2d 440
 
 , 472 (2002) ("Decisions concerning which defenses to pursue are matters of trial strategy and are not generally second-guessed by this Court."). Defendant notes that his counsel did not give pre-trial notice of his intention to present a defense of self-defense as required in certain circumstances under N.C. Gen. Stat. § 15A-905(c) (2017), and that he failed to "mention self-defense in his opening statement, failed to ask the court at the close of evidence to consider self-defense, and failed to argue in his closing that [defendant] was entitled to acquittal based on self-defense."
 

 The sanction for failure to give notice of a defense of self-defense is normally exclusion of evidence upon the State's objection or refusal to give a jury instruction on self-defense.
 
 See
 

 State v. Pender
 
 ,
 
 218 N.C. App. 233
 
 , 243,
 
 720 S.E.2d 836
 
 , 842 (2012) ("If at any time during the course of the proceedings the court determines that a party has failed to comply with [ N.C. Gen. Stat. § 15A-905(c)(1) ] or with an order issued pursuant to this Article, the court in addition to exercising its contempt powers may prohibit the party from introducing evidence not disclosed. Which of the several remedies available under G.S. 15A-910(a) should be applied in a particular case is a matter within the trial court's sound discretion." (Citations, quotation marks, brackets, and ellipses omitted) ). But at trial, the State did not object to presentation of evidence regarding
 
 *108
 
 self-defense. As noted by the State, defendant's counsel stipulated to the State's introduction of evidence of portions of defendant's interview with the police which presented his assertion of self-defense. The facts summarized above regarding defendant's explanation of the stabbing are based upon that evidence. Defendant does not argue or allege that there is additional evidence of self-defense that he would have presented at trial or that he was prevented from presenting any evidence supporting his defense; his argument as to the evidence of self-defense is based entirely upon his police interview, the physical evidence, and cross-examination testimony of the State's witnesses.
 

 In the evidence presented at trial, the issue of self-defense was obvious. Defendant called and admitted to 911 operators he had stabbed his wife, but emphasized in his interview with police he did so only because she was coming at him wielding a knife. The recording of defendant's interview with police was entered into evidence, with both defendant and the State agreeing on which portions to include. During the police interview, defendant claimed that his wife had a kitchen knife first and that he only pulled out his pocket knife to defend himself and get her to drop her knife. Defense counsel did extensive cross-examination seeking to support the defendant's claim that Mary was the first person to produce a knife. The opening and closing arguments to the court by both the State and defendant were very brief, which is not unusual in a bench trial. But defendant's counsel did refer to self-defense in his closing argument:
 

 He did stab her. He testified in his interview when they're tussling over the knife, he popped her in the arm with his-he reached in with his pocketknife, popped her in the arm to-to get her to release. So, yeah, in that sense, he did stab her; in self-defense to extricate himself from a situation where they're fighting over a-a big nasty knife.
 

 Because defendant waived his right to a trial by jury, the matter proceeded to a bench trial, and the trial court, as factfinder, determined whether to convict defendant. Defendant argues that his counsel's failure to give notice of his defense of self-defense prior to trial somehow eliminated the trial court's ability or authority to consider this defense, but he cites no authority for this assertion. Bench trials differ from jury trials since there are no jury instructions and no verdict sheet to show exactly what the trial court considered, but we also presume that the trial court knows and follows the applicable law unless an appellant shows otherwise.
 
 See
 

 State v. Williams
 
 ,
 
 274 N.C. 328
 
 , 333,
 
 163 S.E.2d 353
 
 , 357 (1968) ("An appellate court is not required to, and should not,
 
 *109
 
 assume error by the trial judge when none appears on the record before the appellate court."). We follow this presumption in many contexts. For example, in a jury trial, if the trial court
 
 *925
 
 allows the jury to hear inadmissible evidence, this may be reason for reversal and a new trial, if such errors were material and prejudicial.
 
 See, e.g
 
 .,
 
 State v. Alston
 
 ,
 
 307 N.C. 321
 
 , 339,
 
 298 S.E.2d 631
 
 , 644 (1983) ("Evidence without any tendency to prove a fact in issue is inadmissible, although the admission of such evidence is not reversible error unless it is of such a nature to mislead the jury. The defendant is not entitled to a new trial based on trial errors unless such errors were material and prejudicial." (Citations omitted) ). But in a bench trial, we presume the trial court ignored any inadmissible evidence unless the defendant can show otherwise.
 
 See
 

 State v. Jones
 
 , --- N.C. App. ----, ----,
 
 789 S.E.2d 651
 
 , 656 (2016) ("Because trial judges are presumed to ignore inadmissible evidence when they serve as the finder of fact in a bench trial, no prejudice exists simply by virtue of the fact that such evidence was made known to them absent a showing by the defendant of facts tending to rebut this presumption."). We presume the trial court has followed "basic rules of procedure" in bench trials.
 
 Williams v. Illinois
 
 ,
 
 567 U.S. 50
 
 , 69-70,
 
 132 S.Ct. 2221
 
 , 2235,
 
 183 L.Ed. 2d 89
 
 , 106 (2012) ("There is a well-established presumption that the judge has adhered to basic rules of procedure when the judge is acting as a factfinder." (Citation, quotation marks, brackets, and emphasis omitted) ).
 

 If this were a jury trial, and defense counsel had failed to request a jury instruction on self-defense, that could likely be ineffective assistance of counsel in this case, since we could not presume the jury knows the law of self-defense.
 
 See, e.g.
 
 ,
 
 State v. Davis
 
 ,
 
 177 N.C. App. 98
 
 , 101,
 
 627 S.E.2d 474
 
 , 477 (2006) ("It is prejudicial error to fail to include a possible verdict of not guilty by reason of self-defense in the final mandate to the jury. This error warrants a new trial." (Citations, quotation marks, brackets, and ellipses omitted) ). Similarly, if this were a jury trial, and the State objected to evidence of self-defense and the trial court sustained this objection because defense counsel failed to give proper notice of this defense under N.C. Gen. Stat. § 15A-905(c), that might be ineffective assistance of counsel. But from the evidence and arguments at this trial, defendant's claim of self-defense was obvious, and defendant has not shown any indication the trial judge failed to consider that defense. After trial, the trial judge concluded-without further comment-that defendant was "guilty beyond a reasonable doubt." The trial judge made no statement regarding her reasoning or whether or not she considered the defense of self-defense. We do not make assumptions of error where none is shown.
 
 See, e.g.,
 

 *110
 

 Lovett v. Stone
 
 ,
 
 239 N.C. 206
 
 , 212,
 
 79 S.E.2d 479
 
 , 483 (1954) ("Under the law of evidence, it is presumed unless the contrary appears that judicial acts and duties have been duly and regularly performed."). Defendant has offered no evidence that the trial court did not consider self-defense during its evaluation, so he has not shown a "reasonable probability" that the "result of the proceeding would have been different" if his counsel had given notice prior to trial of his intent to present a defense of self-defense.
 
 Allen
 
 ,
 
 360 N.C. at 316
 
 ,
 
 626 S.E.2d at 286
 
 (citations and quotation marks omitted). We therefore conclude that defendant has not shown that his counsel's performance was deficient.
 

 As this is the type of case where we can address an ineffective assistance of counsel claim on direct appeal-because the cold record demonstrates that the trial court heard evidence supporting a defense of self-defense-we hold that defendant received effective assistance of counsel.
 

 Conclusion
 

 We find no error with the trial court's judgment.
 

 NO ERROR.
 

 Judges ELMORE and TYSON concur.
 

 [1]
 

 We use a pseudonym to protect the identity of the victim.