An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-1015

Filed 6 August 2025

Union County, Nos. 21 CRS 422, 21 CRS 51670, 21 CRS 51671, 21 CRS 51672

STATE OF NORTH CAROLINA

v.

TRASHEAN J. HUNTLEY, Defendant.

Appeal by Defendant from judgment entered 26 March 2024 by Judge Jonathan Wade Perry in Union County Superior Court. Heard in the Court of Appeals 22 May 2025.

>    *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Anne M. Gomez, for defendant-appellant.*
>
>    *Attorney General Jeff Jackson, by Special Deputy Attorney General Christopher J. Stipes, for the State.*

STADING, Judge.

Trashean J. Huntley ("Defendant") appeals from final judgment entered upon jury verdicts convicting him of felony fleeing to elude arrest, failure to wear a seatbelt, failure to stop at a red light, and attaining habitual felon status. Defendant later pled guilty to possession of a firearm by a felon. On appeal, Defendant asserts the

trial court committed error during resentencing by failing to exercise its discretion. For the reasons below, we deny Defendant's petition for writ of certiorari ("PWC") and dismiss the appeal.

## I.    Background

On 6 July 2021, Defendant was indicted for: (1) felony speeding to elude arrest; (2) possession of a firearm by a felon; (3) improperly passing too close on the left; (4) failure to wear a seatbelt when driving; (5) littering less than fifteen pounds; (6) failing to stop at a steady red light; and (7) attaining habitual felon status. The State voluntarily dismissed the littering and improper passing charges. At the conclusion of Defendant's trial, the jury convicted him of felony speeding to elude arrest, failure to wear a seatbelt, failure to stop at a red light, and attaining habitual felon status. But the jury could not reach a verdict as to the charge of possession of a firearm by a felon. The trial court thus declared a mistrial for this offense and entered a consolidated sentence of 80 to 108 months of imprisonment under habitual felon sentencing guidelines. Following sentencing, Defendant entered his notice of appeal in open court.

Defendant later pled guilty to the possession of a firearm by a felon charge on 11 October 2022. For this offense, the trial court sentenced Defendant to 17 to 30 months of imprisonment. The trial court ordered this sentence to run consecutive to the sentence imposed at the conclusion of trial. Defendant did not file a notice of appeal at this time.

Almost a year later—30 June 2023—Defendant filed a PWC with our Court concerning the 11 October 2022 judgment since he failed to file a timely notice of appeal from the judgment under N.C. R. App. P. Rule 4(a). The Court granted Defendant's PWC on 5 September 2023, ordering the matter to be joined with his pending appeal. *See State v. Huntley*, 292 N.C. App. 372, 897 S.E.2d 40 (2024) (unpublished) ("This Court possesses jurisdiction over Defendant's appeal of the 11 October 2022 judgment pursuant to the writ of certiorari. The joined appeals are properly before us."). Upon review, a prior panel of our Court remanded for resentencing on 6 February 2024. *See id.* The Court reasoned that both sentences should be vacated and remanded since both terms included incorrect calculations of Defendant's prior record level. *Id.*

At the resentencing hearing on 19 March 2024, the State asserted the plea agreement stipulated the sentences were to run consecutively. The trial court resentenced Defendant, as a prior record level II, to 69 to 95 months of imprisonment. The trial court stated it would leave the sentence "as it was," which entailed consecutive terms. Defendant again entered his notice of appeal in open court.

## II. Jurisdiction

We must first discern whether this Court has jurisdiction over Defendant's appeal. On 23 December 2024, Defendant filed a PWC with our Court since N.C. Gen. Stat. § 15A-1444(a1) and (a2) (2023) limit his ability to appeal as a matter of

right after entering a plea of guilty. For the reasons below, we deny Defendant's PWC.

"N.C. Gen. Stat. § 15A-1444 governs a defendant's right to appeal from judgment entered upon a plea of guilty." *State v. Biddix*, 244 N.C. App. 482, 485, 780 S.E.2d 863, 865–66 (2015). Subsection 15A-1444(a1) states that a defendant who pleads guilty to a felony may directly appeal the following issue as a matter of right: "whether his or her sentence is supported by evidence introduced at the trial and sentencing hearing[.]" N.C. Gen. Stat. § 15A-1444(a1). However, a defendant may only raise this particular issue "if the minimum sentence of imprisonment does not fall within the presumptive range for the defendant's prior record or conviction level and class of offense." *Id.* Subsection 15A-1444(a2) provides, "[a] defendant, who has entered a plea of guilty or no contest to a felony or misdemeanor in superior court, is entitled to appeal as a matter of right":

> [W]hether the sentence imposed . . . (1) results from an incorrect finding of his prior record level; (2) contains a type of sentence disposition that is not statutorily authorized for his class of offense and prior record level; or (3) contains a term of imprisonment that is not statutorily authorized for his class of offense and prior record level.

*Id.* § 15A-1444(a2).

If a defendant's proposed issue falls outside the provisions contained in subsections 15A-1444(a1) and (a2), he "is not entitled to appellate review as a matter of right . . . but he may petition the appellate division for review by certiorari." *See*

*State v. Ledbetter*, 243 N.C. App. 746, 754–55, 779 S.E.2d 164, 170 (2015) ("N.C. Gen. Stat. § 15A-1444(e) clearly grants jurisdiction to the appellate courts to issue writs of certiorari to review the merits of [the] defendant's argument, when no right of appeal exists following a plea of guilty pursuant to N.C. Gen. Stat. § 15A-1444(a1)–(a2)."). Indeed, subsection 15A-1444(e) expressly allows a defendant who pleads guilty to petition our Court for certiorari:

> Except as provided in subsections (a1) and (a2) of this section and G.S. 15A-979, . . . the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court, but he may petition the appellate division for review by writ of certiorari.

N.C. Gen. Stat. § 15A-1444(e).

Defendant pled guilty to a felony in the instant case—possession of a firearm by a felon. Yet on appeal, Defendant's proposed issue falls outside the ambit of subsections 15A-1444(a1) and (a2). Defendant thus asks this Court to grant certiorari and review the matter under N.C. Gen. Stat. § 15A-1444(e). *See* N.C. R. App. P. 21(a)(1); *see also* N.C. Gen. Stat. 7A-32(c) (2023).

Our Supreme Court "establishe[d] a two-factor test to assess whether certiorari review by an appellate court is appropriate. First, a writ of certiorari should issue only if the petitioner can show merit or that error was probably committed below." *Cryan v. Nat'l Council of YMCA of the United States*, 384 N.C. 569, 572, 887 S.E.2d

848, 851 (2023) (citations omitted). And "[s]econd, a writ of certiorari should issue only if there are extraordinary circumstances to justify it." *Id.* (citations omitted).

"When multiple sentences of imprisonment are imposed on a person at the same time . . . the sentences may run either concurrently or consecutively, as determined by the court. If not specified or not required by statute to run consecutively, sentences shall run concurrently." N.C. Gen. Stat. § 15A-1354(a) (2023). "[T]he trial court may exercise its discretion in determining whether to impose concurrent or consecutive sentences." *State v. Duffie*, 241 N.C. App. 88, 96, 772 S.E.2d 100, 107 (2015). "When a trial judge acts under a misapprehension of the law, this constitutes an abuse of discretion." *State v. Nunez*, 204 N.C. App. 164, 170, 693 S.E.2d 223, 227 (2010). "[W]e . . . presume that the trial court knows and follows the applicable law unless an appellant shows otherwise." *State v. Jones*, 260 N.C. App. 104, 108, 816 S.E.2d 921, 924 (2018).

In his brief, Defendant contends this Court should remand the matter for re-sentencing since the trial court "erroneously believed" it was required to impose a consecutive sentence under the plea arrangement. Defendant maintains this case is analogous to our Court's decision in *State v. Nunez*, 204 N.C. App. 164, 693 S.E.2d 223.

In *Nunez*, the defendant argued that the trial court erred in imposing consecutive sentences for two trafficking in marijuana offenses since the trial judge operated under a misapprehension of the law. 204 N.C. App. at 169, 693 S.E.2d at

226–27. "At the sentencing hearing, the prosecutor told the trial judge that under the provisions of N.C. Gen. Stat. § 90-95(h)(6), the trial court was required as a matter of law to run the two sentences consecutively to each other." *Id.* Although the trial court "expressed skepticism" as to the prosecutor's argument, it believed that a consecutive sentence was required by law and included a statement to that effect on the record: "This sentence to be served at the expiration of the sentence imposed in Count 1 *as required by law." Id.* At 169, 693 S.E.2d at 227 (emphasis added). Upon review, our Court held: "[T]he trial court erroneously believed that it was mandated by law to impose consecutive sentences. When a trial judge acts under a misapprehension of the law, this constitutes an abuse of discretion." *Id.* at 170, 693 S.E.2d at 227.

Unlike *Nunez*, nothing in the record illustrates that the trial court believed it was required to impose a consecutive sentence as a matter of law. Although the prosecutor asserted that a consecutive sentence was required pursuant to the plea arrangement at the re-sentencing hearing, there is no indication that the trial court accepted this argument or acknowledged that it was bound as a matter of law like in *Nunez. See Jones*, 260 N.C. App. at 108, 816 S.E.2d at 924 ("[W]e . . . presume that the trial court knows and follows the applicable law unless an appellant shows otherwise."). When re-sentencing Defendant thereafter, the trial court merely stated: "I'm going to leave it as it was, which was the sentences will run consecutively." *Cf.*

*Nunez,* 204 N.C. App. At 170, 693 S.E.2d at 227 ("In the instant case, the trial court erroneously believed that it was mandated by law to impose consecutive sentences.").

Accordingly, Defendant is unable to demonstrate that the trial court failed to exercise its discretion during re-sentencing. He is therefore also unable to show merit or that error was committed below. *Cryan*, 384 N.C. at 572, 887 S.E.2d at 851. We deny Defendant's PWC and dismiss his appeal.

## III.  Conclusion

After careful consideration, we deny Defendant's PWC since he cannot show the trial court abused its discretion when imposing consecutive sentences at the resentencing hearing. Defendant's PWC is denied and his appeal dismissed.

DISMISSED.

Judges FLOOD and MURRY concur.

Report per Rule 30(e).