An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 25-270

Filed 6 May 2026

Mecklenburg County, Nos. 19CRS208758-590, 19CRS208759-590, 19CRS208760-590, 19CRS208761-590, 19CRS208762-590, 19CRS208763-590, 19CRS208764-590, 19CRS208765-590, 19CRS208766-590

STATE OF NORTH CAROLINA

v.

DARRELL KEITH PURSER, Defendant.

Appeal by defendant from judgment entered 13 September 2023 by Judge Donald Ray Cureton in Mecklenburg County Superior Court. Heard in the Court of Appeals 15 January 2026.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Mary L. Lucasse, for the State.*

> *Joseph P. Lattimore for defendant-appellant.*

DILLON, Chief Judge.

Defendant Darrell Purser appeals from judgement entered by the trial court after a jury-waived trial convicting him of a multitude of crimes against a minor. Defendant contends the trial court erred in relying on the forensic interviewer's testimony regarding the minor's behavior because the forensic interviewer did not

meet the fit test. For the reasoning below, we conclude Defendant received a fair trial, free from reversible error.

## I. Background

Defendant was charged with the following charges: sexual offenses with a child under the age of thirteen, statutory rape of a child by an adult, multiple counts of taking indecent liberties with a child, and multiple counts of statutory sexual offense with a person who is fifteen years of age or younger. This case was heard on 28 August 2023 in a jury-waived trial.

At trial, there were numerous witnesses who testified regarding the sexual misconduct that occurred with the minor. Specifically pertinent to this appeal, Ms. Ayres was accepted, without objection, as an expert in dynamics of childhood sexual abuse. She testified regarding models and procedures of forensic interviews, as well as things which may occur in a forensic interview such as delayed disclosures and self-protective comments. At trial, Ms. Ayres testimony was not objected to.

On 13 September 2023, Defendant was found guilty of all charges. Defendant filed a notice of appeal which was not timely. Defendant additionally filed a writ of certiorari to cure the failure to give timely notice of appeal. In our discretion, we grant the writ of certiorari.

## II. Analysis

The sole issue before this Court on appeal is whether the trial court erred in

relying on the forensic interviewer's opinions because her opinions failed to meet the fit test, a test for qualifying a witness as an expert laid out in Rule 702(a)(1)-(3) of our Rules of Evidence.

When a defendant fails to object to testimony at trial, the appellate courts review the appeal under a plain error standard of review. *See State v. Warden*, 376 N.C. 503, 506 (2020). For an appellate court to review a case for plain error, "defendant must bear the burden of showing either '(i) that a different result probably would have been reached but for the error or (ii) that the error was so fundamental as to result in a miscarriage of justice or denial of a fair trial.'" *State v. Mobley*, 200 N.C. App. 570, 572–73 (2009) (quoting *State v. Cummings*, 352 N.C. 600, 637 (2000)).

Here, Defendant states that because the trial court was influenced by the improper opinion testimony from the witness, "there is a reasonable possibility that a different result would have been reached by the jury" had the testimony been absent. However, Defendant fails to meet the burden of proof, or provide any convincing argument, to show a different result probably would have been reached.

However,

> [i]n view of the fact that bench trials in North Carolina are a relatively new occurrence and rarely used, *see* N.C. Const. art. I, § 24 (permitting criminal defendants to waive their right to a jury trial in certain cases and request a bench trial as of 2014), there do not appear to be cases that have determined whether a plain error analysis is on point given the longstanding authority that a judge is presumed to have ignored any incompetent evidence. Thus, it does not seem that one can establish plain error in a bench trial

> despite defendant contending that such error occurred here. Rather, as discussed above, the standard in a bench trial is distinct from plain error review and requires that defendant introduce facts showing the trial judge, in fact, considered inadmissible evidence.

*State v. Lindsay*, 292 N.C. App. 641, 651 (2024). In a bench trial, we presume the trial court ignored any inadmissible evidence unless the defendant can show otherwise." *State v. Jones*, 260 N.C. App. 104, 109, (2018) (citation omitted). "[W]e give the trial court the benefit of the doubt that it adhered to basic rules and procedure when sitting without a jury." *Lindsay*, 292 N.C. at 650.

Our Supreme Court in *State v. McGrady* established a three-prong test, based on Rule 702(a)(1)-(3), which an expert witness must satisfy for their testimony to be admissible. 368 N.C. 880, 889 (2016). "First, the area of proposed testimony must be based on scientific, technical or other specialized knowledge that will assist the trier of fact to understand the evidence or to determine a fact in issue." *Id.* (citation omitted). Second, the expert witness must be "qualified as an expert by knowledge, skill, experience, training, or education." N.C.G.S. § 8C-1, Rule 702(a). Finally, the testimony must satisfy the reliability test which requires: "(1) The testimony [must be] based upon sufficient facts or data. (2) The testimony [must be] the product of reliable principles and methods. (3) The witness [must have] applied the principles and methods reliably to the facts of the case." *Id.* § 8C-1, Rule 702(a)(1)-(3).

Here, Defendant contends Ms. Ayers's testimony fails to satisfy the third, three-prong test, to demonstrate the testimony is reliable. However, based on our

review of the record, we conclude Ms. Ayres's had sufficient data to base her testimony on, as she reviewed all of the child's forensic interviews, she based her testimony off of her experiences and methods she has routinely used during her career, and those methods were applied reliably to the case at hand.

Even assuming *arguendo* that the trial court erred in admitting the statements made by Ms. Ayers, Defendant failed to show that "the trial court did not ignore statements in making [its] decision and that the statements were prejudicial." *Id*. There was ample additional evidence provided to the trial court which supported the trial court's conclusion. For example, there was physical evidence showing Defendant's DNA was on the child's mattress and additional witness testimony (including statements from forensic interviewers). Therefore, even if error was present, we hold it was not prejudicial, as there was ample evidence provided to the trial court to support the conclusion it came to.

## III.    Conclusion

For the reasoning above, we hold Defendant received a fair trial, free from reversible error.

NO ERROR.

Judges HAMPSON and MURRY concur.

Report per Rule 30(e).